UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jonathan Berall, M.D., M.P.H.<br><br>Plaintiff,<br><br>v.<br><br>Verathon, Inc., Pentax of America, Inc., Karl Storz Endoscopy-America, Inc., Aircraft Medical, Ltd., and LMA North America, Inc.<br><br>Defendants. | Civ. No.   10-CV-5777 (BSJ)<br><br>**PLAINTIFF'S REPLY TO COUNTERCLAIMS OF DEFENDANT VERATHON INC.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jonathan Berall, M.D., M.P.H. ("Dr. Berall"), replies to the Verathon, Inc.'s ("Verathon") counterclaims as follows:

1. Denies paragraph 1 of Verathon's counterclaims insofar as it alleges this Court has subject matter jurisdiction over Verathon's counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Verathon has failed to invoke the Court's Declaratory Judgment jurisdiction.  The remainder of the paragraph is a legal conclusion to which no response is necessary.  Nevertheless, Dr. Berall denies the assertion.

2. Paragraph 2 of Verathon's counterclaims states a legal conclusion to which no response is necessary.  However, Dr. Berall denies that the United States District Court for the Western District of Washington has personal jurisdiction over Dr. Berall.

3. Paragraph 3 of Verathon's counterclaims states a legal conclusion to which no response is necessary.  However, Dr. Berall denies that venue is proper in the United States District Court for the Western District of Washington.

4. Denies paragraph 4 of Verathon's counterclaims insofar as it alleges that the '178 Patent is invalid. Moreover, Verathon's counterclaims fail to allege that Verathon is entitled to a declaratory judgment, pursuant to 28 U.S.C. §§ 2201, 2202, that the '178 Patent is invalid.

5. Denies paragraph 5 of Verathon's counterclaims insofar as it alleges that Verathon does not infringe any claim of the '178 Patent. Moreover, Verathon's counterclaims fail to allege that Verathon is entitled to a declaratory judgment, pursuant to 28 U.S.C. §§ 2201, 2202, that the '178 Patent is not infringed.

6. Dr. Berall has already asked for a jury, and Verathon has failed to plead standing to raise its counterclaims. Therefore, no response is necessary.

**DEFENSES**

7. Dr. Berall pleads the following defenses in response to Verathon's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, Dr. Berall specifically reserves all rights to allege additional defenses.

8. Verathon fails to state a counterclaim upon which relief can be granted.

9. Verathon's request to have this cause of action transferred to the United States District Court for the Western District of Washington, Seattle Division is improper because:

    a. No transfer motion has been filed; and

    b. Venue in that district would be both improper and inconvenient.

## **PRAYER FOR RELIEF ON COUNTERCLAIMS**

WHEREFORE, Plaintiff Dr. Berall demands judgment against Verathon dismissing each of the counterclaims in its entirety, denying Verathon the "relief" it "requested" and granting to Dr. Berall all of the relief demanded in the Complaint.

Dated: October 25, 2010          Respectfully submitted,

                                 PEARL COHEN ZEDEK LATZER LLP

                        By:      /s/ David A. Loewenstein
                                 David A. Loewenstein (DL-5054)
                                 Douglas Gilbert (DG-3726)
                                 DavidL@pczlaw.com
                                 DouglasG@pczlaw.com
                                 1500 Broadway, 12th Floor
                                 New York, NY 10036
                                 Tel: (646) 878-0800
                                 Fax: (646) 878-0801

                                 Attorneys for Plaintiff Jonathan Berall M.D., M.P.H.

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing PLAINTIFF'S REPLY TO COUNTERCLAIMS OF DEFENDANT VERATHON INC. to be served upon counsel of record by filing the document on the court's ECF system on October 25, 2010.

/s/ Keren Livneh
Keren Livneh