IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Wesley W. Whitmyer (WW2773)
Richard J. Basile (RB9623)
ST. ONGE STEWARD JOHNSTON & REENS, LLC.
986 Bedford Street
Stamford, Connecticut  06905
(203) 324-6155 (Telephone)
(203) 327-1096 (Facsimile)

*Attorneys for Defendants*

| | | |
|---|---|---|
| Jonathan Berall, M.D., M.P.H. ) | | |
| ) | | |
| Plaintiff, ) | 1:10-cv-05777 (BSJ)(DCF) | |
| ) | | |
| v. ) | **DEFENDANT'S ANSWER AND** | |
| ) | **DEFENSES** | |
| Verathon Inc. Pentax of America, Inc., Karl ) | | |
| Storz endoscopy-America, Inc., Aircraft ) | | |
| Medical, Ltd., LMA North America Inc., ) | | |
| And AirTraq LLC ) | | |
| Defendants. ) | | |

The Defendant, Karl Storz Endoscopy-America, Inc. ("Storz"), by and through its undersigned counsel, and for its Answer to Plaintiff's Complaint for Patent Infringement, alleges and states as follows:

**NATURE OF THIS LAWSUIT**

1. Storz admits that Plaintiff's Complaint purports to be a civil action for infringement of United States Patent No. 5,827,178 ("the '178 patent") brought pursuant to the United States patent laws, 35 U.S.C. §§ 271, and 281-285.  Except as expressly admitted, Storz denies the remaining allegations set forth in paragraph 1.

## PARTIES

2. Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 2, and therefore denies these allegations on that basis.

3. Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 3, and therefore denies these allegations on that basis.

4. Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4, and therefore denies these allegations on that basis.

5. Admitted.

6. Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 6, and therefore denies these allegations on that basis.

7. Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 7, and therefore denies these allegations on that basis.

8. Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 8, and therefore denies these allegations on that basis.

## JURISDICTION AND VENUE

9. Paragraph 9 contains legal conclusions and therefore requires no response. To the extent that a response is required, Storz admits the allegations in paragraph 9 as they pertain to Storz. Storz lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 9, and therefore denies these allegations on that basis.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent that a response is required, Storz states that venue is inconvenient for it and for

potential witnesses under 28 U.S.C. § 1404, and thus, venue is not proper in this district.

## FACTS

11.     Storz admits that the '178 patent is entitled "Laryngoscope for Use in Trachea Intubation." Storz admits that a copy of the '178 patent was attached to the copy of the complaint that it received. Storz lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 11, and therefore denies these allegations on that basis.

12.     Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 12, and therefore denies these allegations on that basis.

13.     Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 13, and therefore denies these allegations on that basis.

14.     Storz only admits that Storz sells and distributes laryngoscopes the C-Mac video laryngoscope within the United States. Storz denies the remaining allegations of paragraph 14.

15.     Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15, and therefore denies these allegations on that basis.

16.     Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 16, and therefore denies these allegations on that basis.

17.     Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 17, and therefore denies these allegations on that basis.

## COUNT I –INFRINGEMENT OF THE '178 PATENT BY VERATHON

18. Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 18, and therefore denies these allegations on that basis.

19. Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 19, and therefore denies these allegations on that basis.

20. Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 20, and therefore denies these allegations on that basis.

21. Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 21, and therefore denies these allegations on that basis.

## COUNT II –INFRINGEMENT OF THE '178 PATENT BY PENTAX

22. Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 22, and therefore denies these allegations on that basis.

23. Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 23, and therefore denies these allegations on that basis.

24. Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 24, and therefore denies these allegations on that basis.

25. Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 25, and therefore denies these allegations on that basis.

## COUNT III –INFRINGEMENT OF THE '178 PATENT BY STORZ

26. Denied.

27. Denied.

28. Denied.

29. Denied.

### COUNT IV –INFRINGEMENT OF THE '178 PATENT BY AIRCRAFT

30. Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 30, and therefore denies these allegations on that basis.

31. Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 31, and therefore denies these allegations on that basis.

32. Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 32, and therefore denies these allegations on that basis.

33. Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 33, and therefore denies these allegations on that basis.

### COUNT V –INFRINGEMENT OF THE '178 PATENT BY LMA

34. Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 34, and therefore denies these allegations on that basis.

35. Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 35, and therefore denies these allegations on that basis.

36. Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 36, and therefore denies these allegations on that basis.

### COUNT VI –INFRINGEMENT OF THE '178 PATENT BY AIRTRAQ

37. Storz lacks knowledge or information sufficient to form a belief about the truth

of the allegations of paragraph 37, and therefore denies these allegations on that basis.

38. Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 38, and therefore denies these allegations on that basis.

39. Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 39, and therefore denies these allegations on that basis.

40. Storz lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 40, and therefore denies these allegations on that basis.

## JURY TRIAL DEMAND

41. Storz admits that the Complaint purports to demand a jury trial on all issues set forth herein that are properly triable to a jury.

## PRAYER FOR RELIEF

Storz denies that Plaintiff is entitled to the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

Storz sets forth the following affirmative defenses and does not intend to limit thereby Storz's ability to seek to allege any and all defenses not presently known that are revealed during the course of discovery in this case.

### First Affirmative Defense

Storz has not infringed, is not infringing and will not infringe any valid and enforceable claim of United States Patent No. 5,827,178.

### Second Affirmative Defense

Storz has not, does not and will not induce or contribute to any infringement of any valid and enforceable claim of United States Patent No. 5,827,178 and is not liable for any act that would be construed as any form of infringement of that patent.

### Third Affirmative Defense

Storz has not, does not, is not infringing, and will not willfully infringe United States Patent No. 5,827,178.

### Fourth Affirmative Defense

The claims of the '178 patent are invalid for failure to comply with one or more provisions of the patent laws of the United States, 35 U.S.C. §§ 101, *et seq.,* including, without limitation, the statutory requirements of and conditions contained in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fifth Affirmative Defense

As a result of the proceedings before the United States Patent and Trademark Office during the prosecution of the '178 patent, specifically the admissions, representation, and amendments made on behalf of applicants for the patent, Plaintiff's claims are barred, in whole or in part, by the doctrine of patent prosecution estoppel.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, under the doctrines of latches and/or equitable estoppel.

**Seventh Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**Eighth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of waiver and delay.

**Ninth Affirmative Defense**

Plaintiff has not alleged facts, and Storz has not engaged in conduct, that entitles Plaintiff a judgment that this case is exceptional and to an award of attorneys' fees or costs.

**Tenth Affirmative Defense**

Plaintiff has suffered no damages and/or the damages claimed by Plaintiff are speculative and, therefore, not recoverable.

**COUNTERCLAIMS**

1. Storz counterclaims against Plaintiff pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §2201, *et seq.*

2. Karl Storz Endoscopy-America, Inc. is a corporation organized and existing under the laws of the State of California, having a place of business at 2151 East Grand Avenue, El Segundo, CA 90245.

3. Upon information and belief, Plaintiff Dr. Berall is an individual residing at 173

Columbia Heights, Brooklyn, NY 11201.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Plaintiff, having brought suit against Storz, has submitted himself to the jurisdiction of this Court.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

7. On or about October 27, 1998, the United States Patent and Trademark Office issued U.S. Patent No. 5,827,178 ("the '178 patent") entitled "LARYNGOSCOPE FOR USE IN TRACHEA INTUBATION" to Jonathan Berall.

8. Plaintiff/Counterclaim-Defendant purport and claim to own, and have the right to enforce, the '178 patent.

9. Plaintiff has charged Storz with infringement of the '178 patent based upon Storz's manufacture, use and sale of the C-Mac video laryngoscope.

10. Storz asserts herein that the C-Mac video laryngoscope does not infringe any valid claim of the '178 patent and has further asserted that the '178 patent is invalid and unenforceable.

11. There is a justiciable case or controversy between Storz and Plaintiff with respect to the validity and infringement of the '178 patent.

**First Counterclaim – Declaration of Noninfringement of the '178 patent**

12. Storz realleges all of the foregoing paragraphs of its counterclaims as if set forth specifically herein.

9

13. None of Storz's C-Mac video laryngoscopes nor any of its other laryngoscopes infringe any valid claim of the '178 patent and is not liable for any act of infringement of the '178 patent.

14. Storz has not, does not and will not induce or contribute to any infringement of any valid and enforceable claim of the '178 patent and is not liable for any act that would be construed as any form of infringement of that patent.

### Second Counterclaim – Declaration of Invalidity of the '178 patent

15. Storz realleges all of the foregoing paragraphs of its counterclaims as if set forth specifically herein.

16. U.S. Patent No. 6,598,178 is invalid for failing to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including but not limited to, §§ 102 and 103.

WHEREFORE, Storz seeks judgment against Plaintiff as follows:

A. That Plaintiff' Complaint, and all of its causes of action, be dismissed with prejudice;

B. That judgment be entered in favor of Storz, including an Order adjudging U.S. Patent No. 6,598,178 unenforceable, invalid, and not infringed by Storz;

C. That this be declared an exceptional case, and that Storz be awarded its attorneys' fees and costs pursuant to 35 U.S.C. §285;

D. That judgment be entered declaring that Plaintiff have engaged in unfair competition, tortious interference with Storz's prospective economic advantage, and violations of 15 U.S.C. § 2, and enjoining Plaintiff from engaging in such practices;

E. That Storz be award treble damages, attorneys' fees and costs pursuant to 15 U.S.C. § 15(a);

F. That Plaintiff and their agents, representatives, attorneys and those persons in active concert or participation with them who receive actual notice hereof be enjoined from threatening or initiating infringement litigation against Storz or its customers, dealers or suppliers, or any prospective or present sellers, dealers, distributors or customers of Storz, or charging them either orally or in writing with infringement of any patent asserted against Storz;

G. That Storz be awarded such other and further relief as the Court deems just and proper.


Dated: November 3, 2010                    Respectfully submitted,

                                           ST. ONGE STEWARD JOHNSTON & REENS, LLC

                                           _____*/s/ Richard J. Basile*_____
                                           Wesley W. Whitmyer (WW2773)
                                           Richard J. Basile (RB9623)
                                           ST.ONGE STEWARD JOHNSTON & REENS LLC
                                           986 Bedford Street
                                           Stamford, Connecticut 06905
                                           Telephone: (203) 324-6155
                                           Facsimile: (203) 327-1096
                                           Email: litigation@ssjr.com

                                           *Attorneys for Defendant*
                                           Karl Storz Endoscopy-America, Inc.