IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jonathan Berall, M.D., M.P.H.<br><br>        Plaintiff,<br><br>        v.<br><br>Verathon, Inc., Pentax of America, Inc., Karl Storz Endoscopy-America, Inc., Aircraft Medical, Ltd., LMA North America, Inc., and AirTraq LLC<br><br>        Defendants. | JURY TRIAL DEMANDED<br><br>Case No.: 1:10-cv-05777-BSJ-DCF |

**DEFENDANT AIRCRAFT MEDICAL LTD.'S**
**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant, Aircraft Medical, Limited ("Aircraft"), answers the Complaint of Plaintiff Jonathan Berall ("Berall") as follows:

## NATURE OF THE LAWSUIT

1.   This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285.  This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**   Aircraft admits that the Complaint purports to set forth a patent infringement action under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and that this Court has subject matter jurisdiction.  Aircraft denies any implication that it has infringed a claim of the asserted patent, or that the asserted patent is valid or enforceable.  Aircraft denies the remaining allegations in this paragraph.

## PARTIES

2. Plaintiff Dr. Berall is an individual residing at 173 Columbia Heights, Brooklyn, NY 11201.

**ANSWER:** Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3. On information and belief, defendant Verathon Inc. ("Verathon") is a Washington corporation having its principal place of business at 20001 North Creek Parkway, Bothell, WA 98011.

**ANSWER:** Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. On information and belief, defendant Pentax of America, Inc. ("Pentax") is a Delaware company having its principal place of business at 102 Chestnut Ridge Road, Montvale, NJ 07645.

**ANSWER:** Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5. On information and belief, defendant Karl Storz Endoscopy-America, Inc. ("Storz") is a California corporation having its principal place of business at 2151 East Grand Avenue, El Segundo, CA 90245.

**ANSWER:** Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6. On information and belief, defendant Aircraft Medical, Ltd. ("Aircraft") is a United Kingdom corporation having its principal place of business at 9-10 St. Andrews Square, Edinburgh, EH2 2AF, United Kingdom.

**DEFENDANT AIRCRAFT MEDICAL LTD.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

**ANSWER:** Aircraft admits that it is a corporation organized under the laws of Scotland and is located at 12 Ridge Way, Dalgety Bay, Fife KY11 9JN, Scotland. Aircraft denies the remaining allegations in this paragraph.

7. On information and belief, defendant LMA North America, Inc. ("LMA") is a Nevada corporation having its principal place of business at 4660 La Jolla Village Drive, Suite 900, San Diego, CA 92122,

**ANSWER:** Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8. On information and belief, defendant AirTraq LLC ("AirTraq") has its principal place of business at 3460 Pointe Creek Ct., #102, Bonita Springs, FL 34134- 2015.

**ANSWER:** Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## JURISDICTION AND VENUE

9. This Court has personal jurisdiction over each of the Defendants.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no response is required.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no response is required.

## FACTS

11. Dr. Berall is the owner of all right, title and interest in United States Patent No. 5,827,178 ("the "178 Patent"), entitled "Laryngoscope for Use in Trachea Intubation,"

**DEFENDANT AIRCRAFT MEDICAL LTD.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

issued by the United States Patent and Trademark Office on October 27, 1998, a copy of which is attached as Exhibit A.

**ANSWER:**   Aircraft admits that the '178 Patent bears an issue date of October 27, 1998, but denies any implication that this patent is valid or enforceable.  Aircraft is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

12.   Verathon markets, produces, distributes, sells, and/or offers to sell in the United States video laryngoscopes, including, for example, the Glidescope video laryngoscope.

**ANSWER:**   Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13.   Pentax markets, produces, distributes, sells, and/or offers to sell in the United States and/or imports into the United States and/or imports into the United States video laryngoscopes, including, for example, the AWS video laryngoscope.

**ANSWER:**   Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14.   Storz markets, produces, distributes, sells, and/or offers to sell in the United States and/or imports into the United States video laryngoscopes, including, for example, the C-Mac video laryngoscope.

**ANSWER:**   Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15.   Aircraft markets, produces, distributes, sells, and/or offers to sell in the United States and/or imports into the United States video laryngoscopes, including, for example, the McGrath Series 5 video laryngoscope.

**DEFENDANT AIRCRAFT MEDICAL LTD.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

**ANSWER:** Admitted.

16. On information and belief, LMA is the exclusive United States distributor for Aircraft's video laryngoscopes, including, for example, the McGrath Series 5 video laryngoscope. On information and belief, LMA markets, distributes, sells, and/or offers to sell in the United States and/or imports Aircraft video laryngoscopes, including, for example, the McGrath Series 5 video laryngoscope.

**ANSWER:** Aircraft admits that LMA is its exclusive United States distributor for Aircraft's McGrath Series 5 video laryngoscope. Aircraft admits that LMA markets, sells, and/or offers to sell in the United States and/or imports Aircraft's McGrath Series 5 video laryngoscope. Aircraft denies the remaining allegations in this paragraph.

17. On information and belief, AirTraq is the exclusive United States distributor of video laryngoscopes, including, for example, the AirTraq video laryngoscope.

**ANSWER:** Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT I
### (Infringement of the '178 Patent by Verathon)

18. Verathon makes, uses, offers to sell, and/or sells within the United States, and/or actively induces others to make, use, offer to sell, and/or sell within the United States, products that practice the inventions of the '178 Patent, including, for example, the Glidescope video laryngoscope.

**ANSWER:** Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19. Verathon has infringed and continues to infringe the '178 Patent directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

**ANSWER:** Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20. Verathon's infringement has occurred with knowledge of the '178 Patent and has been willful.

**ANSWER:** Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21. Verathon's acts of infringement have caused damage to Dr. Berall, and Dr. Berall is entitled to recover from Verathon the damages sustained by Dr. Berall as a result of Verathon's wrongful acts. Verathon's acts of infringement will continue to damage Dr. Berall causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by the Court.

**ANSWER:** Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### COUNT II
### (Infringement of the '178 Patent by Pentax)

22. Pentax makes, uses, offers to sell, imports and/or sells within the United States, and/or actively induces others to make, use, offer to sell, and/or sell within the United States, products that practice the inventions of the '178 Patent, including, for example, the AWS video laryngoscope.

**ANSWER:** Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**DEFENDANT AIRCRAFT MEDICAL LTD.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

23. Pentax has infringed and continues to infringe the '178 Patent directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

**ANSWER:** Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24. Pentax's infringement has occurred with knowledge of the '178 Patent and has been willful.

**ANSWER:** Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25. Pentax's acts of infringement have caused damage to Dr. Berall, and Dr. Berall is entitled to recover from Pentax the damages sustained by Dr. Berall as a result of Pentax's wrongful acts. Pentax's acts of infringement will continue to damage Dr. Berall causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by the Court.

**ANSWER:** Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### COUNT III
### (Infringement of the '178 Patent by Storz)

26. Storz makes, uses, offers to sell, imports and/or sells within the United States, and/or actively induces others to make, use, offer to sell, import, and/or sell within the United States, products that practice the inventions of the '178 Patent, including, for example, the C-Mac video laryngoscope.

**ANSWER:** Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27. Storz has infringed and continues to infringe the '178 Patent directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

**ANSWER:** Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28. Storz's infringement has occurred with knowledge of the '178 Patent and has been willful.

**ANSWER:** Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29. Storz's acts of infringement have caused damage to Dr. Berall, and Dr. Berall is entitled to recover from Storz the damages sustained by Dr. Berall as a result of Storz's wrongful acts. Storz's acts of infringement will continue to damage Dr. Berall causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by the Court.

**ANSWER:** Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT IV
### (Infringement of the '178 Patent by Aircraft)

30. Aircraft makes, uses, offers to sell, imports and/or sells within the United States, and/or actively induces others to make, use, offer to sell, import, and/or sell within the United States, products that practice the inventions of the '178 Patent, including, for example, the McGrath Series 5 video laryngoscope.

**ANSWER:** Denied.

31. On information and belief, Aircraft has infringed and continues to infringe the '178 Patent directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

**ANSWER:** Denied.

32. Aircraft's infringement has occurred with knowledge of the '178 Patent and has been willful.

**ANSWER:** Denied.

33. Aircraft's acts of infringement have caused damage to Dr. Berall, and Dr. Berall is entitled to recover from Aircraft the damages sustained by Dr. Berall as a result of Aircraft's wrongful acts. Aircraft's acts of infringement will continue to damage Dr. Berall causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by the Court.

**ANSWER:** Denied.

### COUNT V
### (Infringement of the '178 Patent by LMA)

34. On information and belief LMA, as exclusive United States distributor for Aircraft of video laryngoscopes, uses, offers to sell, imports, and/or sells within the United States, and/or actively induces others to make, use, offer to sell, import, and/or sell within the United States, products that practice the inventions of the '178 Patent, including, for example, the McGrath Series 5 video laryngoscope.

**ANSWER:** Aircraft denies these allegations to the extent they are directed at Aircraft or implicate, relate to, or involve any of Aircraft's products. Aircraft is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

35. On information and belief, LMA has infringed and continues to infringe the '178 Patent directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

**ANSWER:** Aircraft denies these allegations to the extent they are directed at Aircraft or implicate, relate to, or involve any of Aircraft's products. Aircraft is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

36. LMA's acts of infringement have caused damage to Dr. Berall, and Dr. Berall is entitled to recover from LMA the damages sustained by Dr. Berall as a result of Verathon's wrongful acts. LMA's acts of infringement will continue to damage Dr. Berall causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by the Court.

**ANSWER:** Aircraft denies these allegations to the extent they are directed at Aircraft or implicate, relate to, or involve any of Aircraft's products. Aircraft is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

### COUNT VI
### (Infringement of the '178 Patent by AirTraq)

37. AirTraq makes, uses, offers to sell, imports, and/or sells within the United States, and/or actively induces others to make, use, offer to sell, import, and/or sell within the United States, products that practice the inventions of the '178 Patent, including, for example, the AirTraq video laryngoscope.

**ANSWER:** Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**DEFENDANT AIRCRAFT MEDICAL LTD.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

38. AirTraq has infringed and continues to infringe the '178 Patent directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

**ANSWER:** Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

39. On information and belief, AirTraq's infringement has occurred with knowledge of the '178 Patent and has been willful.

**ANSWER:** Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

40. AirTraq's acts of infringement have caused damage to Dr. Berall, and Dr. Berall is entitled to recover from AirTraq the damages sustained by Dr. Berall as a result of AirTraq's wrongful acts. AirTraq's acts of infringement will continue to damage Dr. Berall causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by the Court.

**ANSWER:** Aircraft is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## JURY TRIAL DEMAND

41. Pursuant to Rule 38, Fed. R. Civ. P., Dr. Berall demands a trial by jury on all issues set forth herein that are properly triable to a jury.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no response is required.

## PRAYER FOR RELIEF

Aircraft denies that Plaintiff is entitled to any of the relief requested in the Complaint.

**DEFENDANT AIRCRAFT MEDICAL LTD.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

**AFFIRMATIVE DEFENSES**

42. Berall's Complaint fails to state a claim against Aircraft on which relief may be granted.

43. Aircraft has not infringed, contributorily infringed, and/or induced infringement, and does not infringe, contributorily infringe, and/or induce infringement of any valid claim of the '178 Patent either literally or under the Doctrine of Equivalents.

44. The claims of the '178 Patent are invalid for failure to satisfy one or more of the conditions of patentability of 35 U.S.C. §§ 101 *et seq*.

45. By virtue of the prosecution history of the '178 Patent, Berall is estopped from construing the claims of these patents to cover any products made, used, sold, offered for sale, and/or imported by Aircraft, or any acts by Aircraft.

46. Berall is precluded from recovering its costs under the provisions of 35 U.S.C. § 288.

47. Berall's claims are barred, in whole or in part, by the doctrine of waiver.

48. Berall's claims are barred, in whole or in part, by the doctrine of estoppel.

49. Berall's claims are barred, in whole or in part, by the doctrine of laches.

50. Plaintiff has not alleged facts, and Aircraft has not engaged in conduct, that entitles Plaintiff to a judgment that this case is exceptional or to an award of attorneys' fees or costs.

**COUNTERCLAIMS**

A.   **Invalidity of U.S. Patent No. 5,827,178**

51. Aircraft's answers to paragraphs 1-41 and allegations of paragraphs 42-50 are incorporated in this Counterclaim.

52. This Counterclaim is for a Declaratory Judgment and arises under the Patent Laws of the United States. 35 U.S.C. § 1 *et seq*.

53. This Court has jurisdiction over the subject matter of this Counterclaim under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and under Rule 13 of the Federal Rules of Civil Procedure.

54. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1391(c), and Berall, by virtue of having brought suit against Aircraft, has submitted himself to the jurisdiction of this Court.

55. An actual and justiciable controversy exists between Berall and Aircraft based on Berall having filed the Complaint.

56. Berall alleges that he is the owner of U.S. Patent No. 5,827,178 ("the '178 Patent") entitled "Laryngoscope for Use in Trachea Intubation."

57. The '178 Patent is invalid.

**B.** **Noninfringement of U.S. Patent No. 5,827,178**

58. Aircraft's answers to paragraphs 1-41 and allegations of paragraphs 42-57 are incorporated in this Counterclaim.

59. Aircraft does not infringe, contribute to the infringement of, or induce the infringement of the '178 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Aircraft denies that Berall is entitled to any of the relief prayed for in his Complaint, and Aircraft requests judgment against Berall and respectfully prays that this Court enter orders that:

(a) Berall's Complaint be dismissed with prejudice;

**DEFENDANT AIRCRAFT MEDICAL LTD.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

(b)  Declare that the claims of the '178 Patent are invalid;

(c)  Declare that Aircraft has not committed any act of direct and/or indirect infringement of the '178 Patent with respect to products that Aircraft makes, uses, sells, offers to sell, or imports into the United States, or with respect to any act by Aircraft;

(d)  Enjoin Berall, hiss agents, servants, employees and attorneys, and all those in active participation or privity with any of them, from charging Aircraft or its agents, distributors, or customers with infringement of the '178 Patent, from representing to others that Aircraft is liable for patent infringement of this patent, and from otherwise interfering in any way with the manufacture, use, import into the United States, offer for sale, or sale of products by Aircraft, and with any of the business activities of Aircraft;

(e)  This is an exceptional case, pursuant to 35 U.S.C. § 285.  Aircraft, therefore, specifically requests that the Court award Aircraft its reasonable attorney's fees, expenses and costs in this action; and

(f)  Grant Aircraft such other and further relief as the Court deems just and proper.

**DEFENDANT AIRCRAFT MEDICAL LTD.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Aircraft demands a trial by jury on all issues so triable.

Respectfully submitted,

Date: November 16, 2010    /s/Brian M. Gaff

Brian M. Gaff (BG0314)
bgaff@eapdlaw.com
Peter J. Cuomo (Of Counsel)
pcuomo@eapdlaw.com
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA  02199-7613
(617) 239-0100
(617) 227-4420 (fax)

*Attorneys for Defendant Aircraft Medical Ltd.*

BOS2_826361.1