**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jonathan Berall, M.D., M.P.H., | |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | Case No.: 1:10-cv-05777-BSJ-DCF |
| Verathon, Inc., Pentax of America, Inc., Karl Storz Endoscopy-America, Inc., Aircraft Medical, Ltd., LMA North America Inc., and AirTraq LLC, | |
| Defendants. | |

**DEFENDANT LMA NORTH AMERICA INC.'S
ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant, LMA North America, Inc. ("LMA"), answers the Complaint of Plaintiff Jonathan Berall ("Berall") as follows:

**NATURE OF THE LAWSUIT**

1.     This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**     LMA admits that the Complaint purports to set forth a patent infringement action under the patent laws of the United States, 35 U.S.C. §§ 101, *et seq.*, and that this Court has subject matter jurisdiction. All other allegations in paragraph 1 are denied.

**DEFENDANT LMA NORTH AMERICA, INC.'S ANSWER TO COMPLAINT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

**PARTIES**

2. Plaintiff Dr. Berall is an individual residing at 173 Columbia Heights, Brooklyn, NY 11201.

**ANSWER:** LMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies them on that basis.

3. On information and belief, defendant Verathon Inc. ("Verathon") is a Washington corporation having its principal place of business at 20001 North Creek Parkway, Bothell, WA 98011.

**ANSWER:** LMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies them on that basis.

4. On information and belief, defendant Pentax of America, Inc. ("Pentax") is a Delaware company having its principal place of business at 102 Chestnut Ridge Road, Montvale, NJ 07645.

**ANSWER:** LMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies them on that basis.

5. On information and belief, defendant Karl Storz Endoscopy-America, Inc. ("Storz") is a California corporation having its principal place of business at 2151 East Grand Avenue, El Segundo, CA 90245.

**ANSWER:** LMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies them on that basis.

6. On information and belief, defendant Aircraft Medical, Ltd. ("Aircraft") is a United Kingdom corporation having its principal place of business at 9-10 St. Andrews Square, Edinburgh, EH2 2AF, United Kingdom.

**ANSWER:** LMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies them on that basis.

7. On information and belief, defendant LMA North America, Inc. ("LMA") is a Nevada corporation having its principal place of business at 4660 La Jolla Village Drive, Suite 900, San Diego, CA 92122,

**ANSWER:** LMA admits the allegations contained in Paragraph 7 of the Complaint.

8. On information and belief, defendant AirTraq LLC ("AirTraq") has its principal place of business at 3460 Pointe Creek Ct., #102, Bonita Springs, FL 34134- 2015.

**ANSWER:** LMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies them on that basis.

## JURISDICTION AND VENUE

9. This Court has personal jurisdiction over each of the Defendants.

**ANSWER:** LMA admits the allegations in paragraph 9 as to LMA.  LMA lacks information sufficient to admit or deny the allegations of paragraph 9 as to any other defendant.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no response is required.

## FACTS

11. Dr. Berall is the owner of all right, title and interest in United States Patent No. 5,827,178 ("the "178 Patent"), entitled "Laryngoscope for Use in Trachea Intubation," issued by the United States Patent and Trademark Office on October 27, 1998, a copy of which is attached as Exhibit A.

**DEFENDANT LMA NORTH AMERICA, INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

**ANSWER:** LMA admits that the '178 Patent bears an issue date of October 27, 1998, is titled "Laryngoscope for Use in Trachea Intubation," and that a copy of the patent was attached as Exhibit A to the Complaint. LMA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies them on that basis.

12. Verathon markets, produces, distributes, sells, and/or offers to sell in the United States video laryngoscopes, including, for example, the Glidescope video laryngoscope.

**ANSWER:** LMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies them on that basis.

13. Pentax markets, produces, distributes, sells, and/or offers to sell in the United States and/or imports into the United States and/or imports into the United States video laryngoscopes, including, for example, the AWS video laryngoscope.

**ANSWER:** LMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies them on that basis.

14. Storz markets, produces, distributes, sells, and/or offers to sell in the United States and/or imports into the United States video laryngoscopes, including, for example, the C-Mac video laryngoscope.

**ANSWER:** LMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies them on that basis.

15. Aircraft markets, produces, distributes, sells, and/or offers to sell in the United States and/or imports into the United States video laryngoscopes, including, for example, the McGrath Series 5 video laryngoscope.

**ANSWER:** LMA admits the allegations contained in Paragraph 15 of the Complaint.

**DEFENDANT LMA NORTH AMERICA, INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

16. On information and belief, LMA is the exclusive United States distributor for Aircraft's video laryngoscopes, including, for example, the McGrath Series 5 video laryngoscope. On information and belief, LMA markets, distributes, sells, and/or offers to sell in the United States and/or imports Aircraft video laryngoscopes, including, for example, the McGrath Series 5 video laryngoscope.

**ANSWER:** LMA denies that it is the exclusive United States distributor for Aircraft's McGrath Series 5 video laryngoscope. LMA admits that it markets, sells, and/or offers to sell in the United States and/or imports Aircraft's McGrath Series 5 video laryngoscope. LMA denies the remaining allegations in this paragraph.

17. On information and belief, AirTraq is the exclusive United States distributor of video laryngoscopes, including, for example, the AirTraq video laryngoscope.

**ANSWER:** LMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies them on that basis.

## COUNT I
### (Infringement of the '178 Patent by Verathon)

18. Verathon makes, uses, offers to sell, and/or sells within the United States, and/or actively induces others to make, use, offer to sell, and/or sell within the United States, products that practice the inventions of the '178 Patent, including, for example, the Glidescope video laryngoscope.

**ANSWER:** LMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies them on that basis.

19. Verathon has infringed and continues to infringe the '178 Patent directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

**DEFENDANT LMA NORTH AMERICA, INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

**ANSWER:** LMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies them on that basis.

20. Verathon's infringement has occurred with knowledge of the '178 Patent and has been willful.

**ANSWER:** LMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies them on that basis.

21. Verathon's acts of infringement have caused damage to Dr. Berall, and Dr. Berall is entitled to recover from Verathon the damages sustained by Dr. Berall as a result of Verathon's wrongful acts. Verathon's acts of infringement will continue to damage Dr. Berall causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by the Court.

**ANSWER:** LMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies them on that basis.

### COUNT II
### (Infringement of the '178 Patent by Pentax)

22. LMA makes, uses, offers to sell, imports and/or sells within the United States, and/or actively induces others to make, use, offer to sell, and/or sell within the United States, products that practice the inventions of the '178 Patent, including, for example, the AWS video laryngoscope.

**ANSWER:** LMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies them on that basis.

23. Pentax has infringed and continues to infringe the '178 Patent directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

**DEFENDANT LMA NORTH AMERICA, INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

**ANSWER:** LMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24. Pentax's infringement has occurred with knowledge of the '178 Patent and has been willful.

**ANSWER:** LMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies them on that basis.

25. Pentax's acts of infringement have caused damage to Dr. Berall, and Dr. Berall is entitled to recover from Pentax the damages sustained by Dr. Berall as a result of Pentax's wrongful acts. Pentax's acts of infringement will continue to damage Dr. Berall causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by the Court.

**ANSWER:** LMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies them on that basis.

## COUNT III
### (Infringement of the '178 Patent by Storz)

26. Storz makes, uses, offers to sell, imports and/or sells within the United States, and/or actively induces others to make, use, offer to sell, import, and/or sell within the United States, products that practice the inventions of the '178 Patent, including, for example, the C-Mac video laryngoscope.

**ANSWER:** LMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies them on that basis.

27. Storz has infringed and continues to infringe the '178 Patent directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

**ANSWER:** LMA is without knowledge or information sufficient to form a belief as to

**DEFENDANT LMA NORTH AMERICA, INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

the truth of the allegations in this paragraph and denies them on that basis.

28. Storz's infringement has occurred with knowledge of the '178 Patent and has been willful.

**ANSWER:** LMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies them on that basis.

29. Storz's acts of infringement have caused damage to Dr. Berall, and Dr. Berall is entitled to recover from Storz the damages sustained by Dr. Berall as a result of Storz's wrongful acts. Storz's acts of infringement will continue to damage Dr. Berall causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by the Court.

**ANSWER:** LMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies them on that basis.

## COUNT IV
### (Infringement of the '178 Patent by Aircraft)

30. Aircraft makes, uses, offers to sell, imports and/or sells within the United States, and/or actively induces others to make, use, offer to sell, import, and/or sell within the United States, products that practice the inventions of the '178 Patent, including, for example, the McGrath Series 5 video laryngoscope.

**ANSWER:** LMA denies these allegations to the extent they are directed at LMA or implicate, relate to, or involve any of LMA's products. LMA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies them on that basis.

31. On information and belief, Aircraft has infringed and continues to infringe the '178 Patent directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

**ANSWER:** LMA denies these allegations to the extent they are directed at LMA or implicate, relate to, or involve any of LMA's products. LMA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies them on that basis.

32. Aircraft's infringement has occurred with knowledge of the '178 Patent and has been willful.

**ANSWER:** LMA denies these allegations to the extent they are directed at LMA or implicate, relate to, or involve any of LMA's products. LMA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies them on that basis.

33. Aircraft's acts of infringement have caused damage to Dr. Berall, and Dr. Berall is entitled to recover from Aircraft the damages sustained by Dr. Berall as a result of Aircraft's wrongful acts. Aircraft's acts of infringement will continue to damage Dr. Berall causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by the Court.

**ANSWER:** LMA denies these allegations to the extent they are directed at LMA or implicate, relate to, or involve any of LMA's products. LMA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and denies them on that basis.

## COUNT V
### (Infringement of the '178 Patent by LMA)

34. On information and belief LMA, as exclusive United States distributor for Aircraft of video laryngoscopes, uses, offers to sell, imports, and/or sells within the United States, and/or actively induces others to make, use, offer to sell, import, and/or sell within the United States, products that practice the inventions of the '178 Patent, including, for example, the McGrath Series 5 video laryngoscope.

**ANSWER:** LMA denies the allegations of Paragraph 34 of the Complaint.

35. On information and belief, LMA has infringed and continues to infringe the '178 Patent directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

**ANSWER:** LMA denies the allegations of Paragraph 35 of the Complaint.

36. LMA's acts of infringement have caused damage to Dr. Berall, and Dr. Berall is entitled to recover from LMA the damages sustained by Dr. Berall as a result of Verathon's [sic] wrongful acts. LMA's acts of infringement will continue to damage Dr. Berall causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by the Court.

**ANSWER:** LMA denies the allegations of Paragraph 36 of the Complaint.

## COUNT VI
### (Infringement of the '178 Patent by AirTraq)

37. AirTraq makes, uses, offers to sell, imports, and/or sells within the United States, and/or actively induces others to make, use, offer to sell, import, and/or sell within the United States, products that practice the inventions of the '178 Patent, including, for example, the AirTraq video laryngoscope.

**ANSWER:** LMA is without knowledge or information sufficient to form a belief as to

**DEFENDANT LMA NORTH AMERICA, INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

the truth of the allegations in this paragraph and denies them on that basis.

38.     AirTraq has infringed and continues to infringe the '178 Patent directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

**ANSWER:**   LMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies them on that basis.

39.     On information and belief, AirTraq's infringement has occurred with knowledge of the '178 Patent and has been willful.

**ANSWER:**   LMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies them on that basis.

40.     AirTraq's acts of infringement have caused damage to Dr. Berall, and Dr. Berall is entitled to recover from AirTraq the damages sustained by Dr. Berall as a result of AirTraq's wrongful acts.  AirTraq's acts of infringement will continue to damage Dr. Berall causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by the Court.

**ANSWER:**   LMA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies them on that basis.

## JURY TRIAL DEMAND

41.     Pursuant to Rule 38, Fed. R. Civ. P., Dr. Berall demands a trial by jury on all issues set forth herein that are properly triable to a jury.

**ANSWER:**   The allegations in this paragraph are legal conclusions to which no response is required.

## PRAYER FOR RELIEF

LMA denies that Plaintiff is entitled to any of the relief requested in the Complaint.

**DEFENDANT LMA NORTH AMERICA, INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

## AFFIRMATIVE DEFENSES

42. Berall's Complaint fails to state a claim against LMA on which relief may be granted.

43. LMA has not infringed, contributorily infringed, and/or induced infringement, and does not infringe, contributorily infringe, and/or induce infringement of any valid claim of the '178 Patent either literally or under the Doctrine of Equivalents.

44. The claims of the '178 Patent are invalid for failure to satisfy one or more of the conditions of patentability of 35 U.S.C. §§ 101 *et seq*.

45. By virtue of the prosecution history of the '178 Patent, Berall is estopped from construing the claims of these patents to cover any products made, used, sold, offered for sale, and/or imported by LMA, or any acts by LMA.

46. Berall is precluded from recovering its costs under the provisions of 35 U.S.C. § 288.

47. Berall's claims are barred, in whole or in part, by the doctrine of waiver.

48. Berall's claims are barred, in whole or in part, by the doctrine of estoppel.

49. Berall's claims are barred, in whole or in part, by the doctrine of laches.

50. Plaintiff has not alleged facts, and LMA has not engaged in conduct, that entitles Plaintiff to a judgment that this case is exceptional or to an award of attorneys' fees or costs.

## COUNTERCLAIMS

**A.   Invalidity of U.S. Patent No. 5,827,178**

51. LMA's answers to paragraphs 1-41 and allegations of paragraphs 42-50 are incorporated in this Counterclaim.

---

**DEFENDANT LMA NORTH AMERICA, INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

52. This Counterclaim is for a Declaratory Judgment and arises under the Patent Laws of the United States. 35 U.S.C. § 1 *et seq*.

53. This Court has jurisdiction over the subject matter of this Counterclaim under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and under Rule 13 of the Federal Rules of Civil Procedure.

54. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1391(c), to the extent that Berall, by virtue of having brought suit against LMA, has submitted himself to the jurisdiction of this Court.

55. An actual and justiciable controversy exists between Berall and LMA based on Berall having filed the Complaint.

56. Berall alleges that he is the owner of U.S. Patent No. 5,827,178 ("the '178 Patent") entitled "Laryngoscope for Use in Trachea Intubation."

57. The '178 Patent is invalid.

**B.**   **Noninfringement of U.S. Patent No. 5,827,178**

58. LMA's answers to paragraphs 1-41 and allegations of paragraphs 42-57 are incorporated in this Counterclaim.

59. LMA does not infringe, contribute to the infringement of, or induce the infringement of the '178 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, LMA denies that Berall is entitled to any of the relief prayed for in his Complaint, and LMA requests judgment against Berall and respectfully prays that this Court enter orders that:

(a) Berall's Complaint be dismissed with prejudice;

(b) Declare that the claims of the '178 Patent are invalid;

(c) Declare that LMA has not committed any act of direct and/or indirect infringement of the '178 Patent with respect to products that LMA makes, uses, sells, offers to sell, or imports into the United States, or with respect to any act by LMA;

(d) Enjoin Berall, his agents, servants, employees and attorneys, and all those in active participation or privity with any of them, from charging LMA or its agents, distributors, or customers with infringement of the '178 Patent, from representing to others that LMA is liable for patent infringement of this patent, and from otherwise interfering in any way with the manufacture, use, import into the United States, offer for sale, or sale of products by LMA, and with any of the business activities of LMA;

(e) This is an exceptional case, pursuant to 35 U.S.C. § 285. LMA, therefore, specifically requests that the Court award LMA its reasonable attorney's fees, expenses and costs in this action; and

(f) Grant LMA such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, LMA demands a trial by jury on all issues so triable.

> Respectfully submitted,
>
> SHEARMAN & STERLING LLP
>
> /s/ Vicki S. Veenker_____
> Vicki S. Veenker (VV- 1734)
> 1080 Marsh Road
> Menlo Park, CA 94025
> (650) 838-3600
>
> Stephen J. Marzen (SM - 0558)
> 801 Pennsylvania Avenue, NW
> Washington DC 20004
> (202) 508-8000
>
> *Attorneys for Defendant LMA North America, Inc.*
>
> Dated:  November 16, 2010