UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jonathan Berall, M.D., M.P.H.<br><br>Plaintiff,<br><br>v.<br><br>Verathon Inc., Pentax of America, Inc., Karl Storz Endoscopy-America, Inc., Aircraft Medical, Ltd., LMA North America, Inc., and AirTraq LLC.<br><br>Defendants. | Civ. No. 10-CV-5777 (BSJ)<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT VERATHON INC.'S MOTION TO STAY**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jonathan Berall, M.D., M.P.H. ("Berall") files this Response to Defendant Verathon Inc.'s ("Verathon") Motion to Stay this action (Dkt. No. 42). According to Verathon's Certificate of Conference (Dkt. No. 43), Defendants Pentax of America, Inc. ("Pentax"), Karl Storz Endoscopy-America, Inc. ("Storz"), and LMA North America, Inc. ("LMA") do not oppose the Motion to Stay.

Berall strongly disagrees with Verathon's allegations in its Motion to Stay and supporting documents, including (without limitation) its position regarding the validity of the patent-in-suit and its allegations of acquiescence. Berall has not acquiesced to a stay motion in any way by offering Verathon a license in 2003, by allowing LMA and Aircraft Medical, Ltd. ("Aircraft Medical") extensions of time to answer the Complaint to pursue settlement discussions, or otherwise. However, under the particular circumstances of this case and to avoid further litigation costs, Berall is not opposed to a stay of the litigation pending a reexamination of U.S. Patent No. 5,827,178 (the "'178 Patent").

The Court should note that a reexamination of the '178 Patent will not necessarily result in the invalidation or narrowing of all or any of the patent's claims.  As other Courts have noted in determining motions to stay pending the reexamination of patents, a patent's claims may be upheld and strengthened by the process:

> If the PTO does not invalidate or otherwise alter the claims of the [] patent, the Plaintiffs' legal remedy remains unaffected . . . . [I]f the claims are strengthened, the Plaintiffs' position will be as well, and their likelihood of monetary damages will increase.

*See, e.g., Sorensen v. Black & Decker Corp.*, No. 06-cv-1572-BTM (CAB), 2007 U.S. Dist. LEXIS 66712, at *18-19 (D. Cal. Sept. 10, 2007); *Broadcast Innovation, L.L.C. v. Charter Communications, Inc.*, No. 03-cv-2223-ABJ (BNB), 2006 U.S. Dist. LEXIS 46623, at *32-33 (D. Colo. Jul. 11, 2006) ("[I]f the PTO upholds the validity of plaintiff's patent, 'the plaintiff's rights will only be strengthened, as the challenger's burden of proof becomes more difficult to sustain.'") (quoting *Motson v. Franklin Covey Co.*, No. 03-cv-1067-RBK, 2005 U.S. Dist. LEXIS 34067, at *3 (D.N.J. Dec. 16, 2005); *Pegasus Dev. Corp. v. Directv, Inc.*, No. 00-cv-1020-GMS, 2003 U.S. Dist. LEXIS 8052, at *2 (D. Del. May 14, 2003)).[1]

In *Saturn Biomedical Systems, Inc. v. Aircraft Medical Ltd.*, No. 06-cv-1574-JEC, Verathon -- Saturn's parent company -- came to the same conclusion.  In its Response to Aircraft Medical's Motion to Stay the proceedings pending *inter partes* reexamination (Dkt. No. 33), Verathon stated that:

> [A] request for reexamination is granted when there is new prior art that appears to be material.  It does not necessarily follow that the claims will be rejected, let alone found to be invalid. . . . Until the Office Action issues, it is possible that all of the claims will be confirmed.

Verathon's Response, at 3.  A copy of the Response is attached hereto as Appendix A.

---

[1]      Verathon cites *Broadcast Innovation* several times in its Memorandum of Law in Support of its Motion to Stay (Dkt. No. 43).

In *Visto Corp. v. Research in Motion Ltd, et al*, No. 2:06-cv-181 (E.D. Tex. July 2, 2008), the Court granted Defendant's motion to stay, but conditioned the stay on the execution of a stipulation "crafted" by the Court:

> that provides adequate safeguards to temper the prejudice resulting from a short stay of th[e] case: [Defendant] must agree not to challenge the validity at trial of the patents-in-suit based on prior art patents or printed publications that were considered in the reexamination proceedings, and [Defendant] shall not directly or indirectly institute any further reexamination proceedings.

Dkt. No. 313, at 3. *See also*, *Premier Int'l Associates LLC v. Hewlett-Packard Co.*, No. 2:07-cv-395-DF, and *Premier Int'l Associates LLC v. Microsoft Corp.*, No. 2:07-cv-396-DF, Dkt. No. 104, at 9 (E.D. Tex. May 19, 2008) ("Defendants should further 'be limited in their ability to string out the reexamination proceedings forever by serially filing successive reexamination requests.'") (citations omitted).

Accordingly, Berall respectfully requests that the stay of these proceedings be conditioned upon Verathon and the other Defendants agreeing not to: (1) challenge the validity in Court of the '178 Patent based on prior art patents or printed publications that were considered in the reexamination proceedings, and (2) directly or indirectly institute any further reexamination proceedings.

## CONCLUSION

For the foregoing reasons, Berall does not oppose the Motion to Stay, subject to the conditions above.

Dated:  November 30, 2010                    PEARL COHEN ZEDEK LATZER, LLP

                                             By:    */s/ David A. Loewenstein*
                                                   David A. Loewenstein (DL-5054)
                                                   Douglas Gilbert (DG - 3726)
                                                   DavidL@pczlaw.com

DouglasG@pczlaw.com
1500 Broadway, 12th Floor
New York, NY 10036
Tel: (646)878-0800
Fax: (646)878-0801

Attorneys for Plaintiff Jonathan Berall
M.D., M.P.H.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a copy of the foregoing PLAINTIFF'S RESPONSE

TO DEFENDANT VERATHON INC.'S MOTION TO STAY to be served upon counsel of

record by filing the document on the court's ECF system on November 30, 2010.


  */s/ Keren Livneh*
  Keren Livneh

# APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SATURN BIOMEDICAL SYSTEMS, INC. | Civil Action 06-1574-JEC |
| Plaintiff, | |
| v. | |
| AIRCRAFT MEDICAL LIMITED, | |
| Defendant. | |

## SATURN'S RESPONSE TO AIRCRAFT'S MOTION TO STAY PROCEEDINGS PENDING *INTER PARTES* REEXAMINATION

Aircraft Medical Limited's ("Aircraft") motion is premature. No Office Action has issued, no claims have been rejected, and the patent is valid and enforceable. Although a reexamination has been granted, the Patent Office has not addressed the only probative issue: the strength or enforceability of the claims of the patent-in-suit. The first Office Action might not reject any claims, or might reject only some claims while leaving other claims intact – there is no way to know

at this stage. Aircraft's motion should be denied at least until an Office Action has issued.

## ARGUMENT

Saturn makes the most popular laryngoscope in the United States. Saturn protects its laryngoscopes with several patents, including the patent-in-suit (U.S. Patent No. 6,543,447, "the '447 patent"). Aircraft is about to enter the United States market with its laryngoscopes in direct competition with Saturn. It has a distributor and is marketing at US trade shows. The Aircraft request for reexamination has been granted, but no Office Action has yet issued. By all appearances, Aircraft has sought the reexamination as a forum shopping exercise so that it can move the patent validity question the Patent Office in order to avoid discovery and accountability for the sale of its knockoff device. The present request for a stay, especially at this premature stage, is part of that gamesmanship and should be denied.

### A. THIS MOTION IS PREMATURE: AN OFFICE ACTION HAS NOT ISSUED

Aircraft has its cart before the horse: until an Office Action issues, there is no way to measure the scope or magnitude of the reexamination. It is possible that only a subset of the claims of the patent-in-suit will be rejected in the first Office Action. If so, this litigation could proceed in parallel, largely unaffected by the

reexamination. Aircraft's Motion is therefore premature and should be denied.

An Order Granting Request for *Inter Partes* Reexamination was mailed by the Patent Office on October 25, 2006. That order contained an explanation of why the reexamination was granted. But the hurdle for obtaining an *Inter Partes* reexamination is extremely low. A reexamination examiner <u>must</u> grant a reexamination request if the patent's *initial* patent examiner would have considered a newly asserted prior art reference in deciding whether or not the claim is patentable. *Manual of Patent Examining Procedures* (MPEP) § 2642. In other words, a request for reexamination is granted when there is new prior art that appears to be material. It does not necessarily follow that the claims will be rejected, let alone found to be invalid.

Notably, an Office Action addressing the merits of the patent's claims did not accompany the grant of reexamination. The order indicates "an Office action will follow in due course." It is the Office Action that addresses the claims of the patent, not the order granting the request for reexamination. Until the Office Action issues, it is possible that all of the claims will be confirmed. Accordingly, the motion to stay is premature and should be denied.

**B.   IF A STAY IS GRANTED, IT SHOULD BE LIMITED IN SCOPE**

A stay for purposes of reexamination of a patent is within the court's

discretion, *Patlex Corp. v. Mossinghoff*, 758 F.2d 594 (Fed. Cir. 1985), and is not a requirement for reexamination. *Viskase Corp. v. American Nat. Can Co.,* 261 F.3d 1316, 1328 (Fed. Cir. 2001). In some instances, courts have denied a stay where it would cause undue prejudice or present a tactical disadvantage to the non-moving party. *See Lentek Int'l v. Sharper Image Corp.*, 169 F.Supp.2d 1360, 1363 (D. Fla. 2001) (citing cases).

A stay will vastly prejudice Saturn, and greatly favor Aircraft. By definition, a stay causes prejudice to Saturn because it has no mechanism to seek redress for the infringement of its patent. Conversely, Aircraft can continue to make sales pitches and develop supply chains – all without accountability. Saturn's customers may also be led to believe that a non-infringing laryngoscope is on the market, thereby compromising Saturn's sales and creating customer confusion. Moreover, other competitors may enter the market, believing they can do so with impunity.

Aircraft asserts in its motion that "Saturn to date has accused Aircraft of infringing only Claim 1." *Defendant's Memorandum in Support of Motion to Stay,* at 3, FN 1. Aircraft disingenuously suggests that if Claim 1 is rejected in the Office Action, Saturn does not have any other claims it *can* assert. As Aircraft fully understands based on repeated communication between the parties, the only reason Saturn has not asserted additional claims of the patent-in-suit is because Aircraft

- 4 -

has yet to produce the discovery that will enable Saturn to do so. On the first day of discovery, Saturn asked for the accused device and engineering drawings. Aircraft's first discovery responses were due on October 2. While the parties have exchanged numerous letters and phone calls, Saturn still does not have a device, and only has a partial set of drawings. As recently as last week Aircraft represented it will produce a McGrath® Series 5 Fully Portable Laryngoscope sometime in December.

To balance the prejudice Saturn will suffer during the stay, the Court should allow limited discovery to continue. Saturn already served a set of written discovery requests and would like to be able to pursue complete responses to those requests, including the receipt of a sample device for inspection. Saturn would also like to serve additional discovery requests to better understand Aircraft's position and the merits of its contentions. Once Saturn receives that production, Saturn will also be able to assess the accused device and update its infringement contentions.

Accordingly, if a stay is granted, it should allow limited discovery to continue during the reexamination. Allowing limited discovery will not only offset Saturn's prejudice, but will enable the parties to assess the merits of their cases during reexamination, facilitate a more efficient transition to the litigation when the stay is lifted, and encourage the parties to work together to settle the matter as

soon as possible.

## **CONCLUSION**:

Aircraft's motion is premature. The first Office Action might not reject any claims, or may reject only a subset of the claims. If so, this litigation may proceed in parallel, with claims at issue in the litigation that are unaffected by the reexamination. At a minimum, this action should not be stayed until after an initial Office Action is issued.

If any stay is ordered, that stay should be limited so that some discovery can continue. At a minimum, the parties should be able to conduct discovery into issues such as the nature of the accused device and the applicable distribution channels so that the litigation can resume swiftly after the stay is lifted.

# CERTIFICATION

Pursuant to LR 5.1B, the undersigned counsel certify that this document has been prepared in 14 point Times New Roman font.

Respectfully submitted this 14th day of November, 2006.

BLACK LOWE & GRAHAM PLLC

s/ Thomas Hunter Jefferson
Lawrence D. Graham, *admitted Pro Hac Vice*
  email: graham@blacklaw.com
Douglas A. Grady, *admitted Pro Hac Vice*
  email: grady@blacklaw.com
701 Fifth Avenue
Suite 4800
Seattle, WA 98104
T: 206.381.3300

Dale Lischer
  email: dlischer@sgrlaw.com
Thomas Hunter Jefferson,
  email: thjefferson@sgrlaw.com
SMITH GAMBRELL & RUSSELL LLP
1230 Peachtree Street, N.E.
Suite 3100, Promenade II
Atlanta, GA 30309
T: 404.815.3652

## CERTIFICATE OF SERVICE:

I hereby certify that on November 14, 2006, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

>
> Brian M. Gaff
>   email: bgaff@eapdlaw.com
> EDWARDS ANGELL PALMER & DODGE LLP
> 101 Federal Street
> Boston, MA 02110
> T: 617.239.0233
> F: 617.439.4170
>
> Susan A. Cahoon
>   email: scahoon@kilpatrickstockton.com
> KILPATRICK STOCKTON LLP
> 1100 Peachtree Street, Suite 2800
> Atlanta, GA 30309
> T: 404.815.3652
> F: 404.685.6952
>
>
>                          s/ Douglas A. Grady