IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN BERALL, M.D. <br><br> Plaintiff, <br><br> v. <br><br> VERATHON INC. PENTAX OF AMERICA, INC., KARL STORZ ENDOSCOPY-AMERICA, INC., AIRCRAFT MEDICAL, LTD., LMA NORTH AMERICA INC., AND AIRTRAQ LLC <br><br> Defendants. | JURY TRIAL DEMANDED <br><br> Case No.: 1:10-cv-05777-BSJ-DCF |

**DEFENDANT AIRCRAFT MEDICAL LTD.'S**
**NOTICE REGARDING PLAINTIFF'S RESPONSE TO MOTION TO STAY**

Defendant Aircraft Medical, Ltd. ("Aircraft") is neither the movant nor the respondent in the pending Motion to Stay ("Motion") (Doc. No. 42; Nov. 16, 2010). Nevertheless, Aircraft respectfully notes for the record its objections to the conditions on the stay that Plaintiff proposed in its response to the Motion ("Response") (Doc. No. 54; Nov. 30, 2010).

Plaintiff proposed that any stay of this litigation be conditioned on all Defendants "agreeing not to: (1) challenge the validity in Court of the '178 Patent based on prior art patents or printed publications that were considered in the reexamination proceedings, and (2) directly or indirectly institute any further reexamination proceedings." Response at 3.

As an initial matter, Aircraft did not request the *Ex Parte* Reexamination of the patent-in-suit (U.S. Pat. No. 5,827,178; "the '178 Patent"). Defendant Verathon, Inc. requested this

Reexamination on October 29, 2010, and Aircraft had no involvement with that request. There is no basis to conclude that Aircraft should be bound or otherwise constrained by any arguments made in Verathon's request for the reexamination when Aircraft had no role in advancing those arguments.

There is no provision in patent law that would prohibit Aircraft from arguing invalidity of the '178 Patent in view of prior art references considered in the *Ex Parte* Reexamination. An estoppel effect in civil actions with regard to prior art that was or could have been raised in a reexamination is applicable only to the requester of an *Inter Partes* Reexamination. 35 U.S.C. § 315(c). Because the filing date of the '178 Patent is before November 29, 1999, it is ineligible for *Inter Partes* Reexamination. 37 C.F.R. Subpart H. Even if the provisions of 35 U.S.C. § 315(c) were applicable to the requested *Ex Parte* Reexamination of the '178 Patent, which they are not, Aircraft is not the requester. Thus, the estoppel effect is inapplicable to Aircraft, and Aircraft is entitled argue invalidity of the '178 Patent in view of any prior art reference, irrespective of whether it was raised in the *Ex Parte* Reexamination.

Similarly, with respect to the second condition that Plaintiff proposed, there is no prohibition on Aircraft from filing its own request for reexamination of the '178 Patent. Indeed, the rules specifically contemplate multiple, copending *Ex Parte* Reexaminations. 37 C.F.R. § 1.565(c). Restrictions on subsequent reexamination requests apply only in the case of *Inter Partes* Reexaminations, and then only as to the requester or its privies. 35 U.S.C. § 317(a). Aircraft, therefore, is entitled to file its own request to reexamine the '178 Patent, should it wish to do so.

The conditions that Plaintiff seeks to impose on Aircraft and the other defendants in this action are unsupported in law and overreaching. Aircraft objects to these conditions and requests

**DEFENDANT AIRCRAFT MEDICAL LTD.'S NOTICE REGARDING PLAINTIFF'S RESPONSE TO MOTION TO STAY**

that the Court take notice of its objection.

                                  Respectfully submitted,

Date: December 6, 2010                    /*s*/Brian M. Gaff

                                  Brian M. Gaff (BG0314)
                                      bgaff@eapdlaw.com
                                  Peter J. Cuomo (Of Counsel)
                                      pcuomo@eapdlaw.com
                                  EDWARDS ANGELL PALMER & DODGE LLP
                                  111 Huntington Avenue
                                  Boston, MA  02199-7613
                                  (617) 239-0100
                                  (617) 227-4420 (fax)

                                  *Attorneys for Defendant Aircraft Medical Ltd.*

BOS2_830977.1

**DEFENDANT AIRCRAFT MEDICAL LTD.'S NOTICE REGARDING PLAINTIFF'S RESPONSE TO MOTION TO STAY**