Satterlee Stephens Burke & Burke LLP
*Attorneys for Defendant Pentax of America, Inc.*
230 Park Avenue, Suite 1130
New York, New York 10169
P:  (212) 818-9200
F:  (212) 818-9606

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

|  |  |
|---|---|
| Jonathan Berall, M.D., M.PH. ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  1:10-cv-5777(BSJ)(DCF) |
| v. ) | ECF CASE |
| ) | |
| Verathon Inc., Pentax of America, Inc. ) | |
| Karl Storz Endoscopy-America, Inc. ) | |
| Aircraft Medical, Ltd., LMA North America, Inc. ) | |
| and AirTraq LLC ) | |
| ) | |
| Defendants. ) | |

_____)

### DEFENDANT PENTAX OF AMERICA, INC.'S RESPONSE

Defendant Pentax of America, Inc. ("Pentax"), by and through the undersigned counsel, hereby responds to Plaintiff's Response to Defendant Verathon Inc.'s Motion to Stay (Plaintiff's Response) (Dkt. No. 54) filed on November 30, 2010.  Pentax submits this paper because Plaintiff's Response included two proposals which, if implemented, would directly affect the rights of all defendants, including Pentax.

Defendant Verathon Inc. ("Verathon") moved for a stay of the present litigation after filing a request for reexamination of the patent-in-suit, U.S. Patent No. 5,827,178 ("the '178 patent") . Plaintiff Jonathan Berall, M.D., M.P.H. ("Berall") consented to Verathon's motion subject to two conditions.  These conditions are: (1) that the other

defendants (including Pentax) agree not to challenge the validity in court of the '178 patent based on prior art patents or printed publications that were considered in any reexamination proceeding, and (2) that the other defendants agree not to directly or indirectly institute any further reexamination proceedings.  Plaintiff's Response at 3.

Pentax strongly objects to Plaintiff's first proposed condition for consenting to a stay.  All reexamination requests of the '178 patent will be *ex parte*.  This means that once the entity requesting reexamination has submitted its request, it cannot further participate in the reexamination proceeding.  In contrast, once a reexamination is initiated, Plaintiff can make any argument it chooses to the U.S. Patent Office and the requesting party is prohibited from responding.  Should Berall submit a declaration during the reexamination proceeding in support of its arguments, Pentax would have no opportunity to cross-examine the declarant.  In addition, unlike litigation in court, there is no discovery in a reexamination proceeding.   Lacking the ability to participate in the reexamination proceedings or take any discovery, it would be grossly unfair to impose Plaintiff's first condition on defendants in order to grant Verathon's motion to stay the case.

With respect to Plaintiff's second proposed condition, Pentax wishes to advise the Court that it is filing it own *ex parte* reexamination request of the '178 patent concurrently with the filing of this paper.  A copy of the Pentax reexamination request is attached as Exhibit A.

Accordingly, Pentax respectfully objects to Berall's first proposed condition for consenting to a stay of this litigation.

2

Dated: December 10, 2010   Respectfully submitted,

SATTERLEE STEPHENS BURKE
BURKE LLP

_____s/ James F. Rittinger_____
By:   James F. Rittinger (JR-0556)
        Michael H. Gibson (MG-2952)
*Attorneys for Defendant Pentax of America, Inc.*
230 Park Avenue, Suite 1130
New York, New York 10169
(212) 818-9200

*Of Counsel:*

Richard D. Kelly, Esq.
Thomas J. Fisher, Esq.
Andrew M. Ollis, Esq.
OBLON, SPIVAK, MCCLELLAND,
  MAIER & NEUSTADT, L.L.P.
1940 Duke Street
Alexandria, VA 22314
Tel:  703-413-3000
Fax: 703-413-2220
rkelly@oblon.com
tfisher@oblon.com
aollis@oblon.com