# WILMERHALE

January 25, 2019

Nora Q.E. Passamaneck

+1 720 274 3152 (t)
+1 720 274 3133 (f)
nora.passamaneck@wilmerhale.com

**Filed via ECF**

The Honorable Loretta A. Preska
United States District Judge, District of the Southern District of New York
United States Courthouse, Courtroom 12A
500 Pearl St.
New York, NY 10007-1312

Re:  *Berall v. Verathon, Inc. et al.*, Civil Docket 1:10-cv-05777-LAP-DCF

Dear Judge Preska:

Defendant Aircraft Medical writes in response to Jonathan Berall's January 9, 2019 ex parte letter to Your Honor in this matter.  (Dkt. 117.)

As Your Honor is aware, this case has been stayed since 2011 pending ex parte reexamination of the patent-in-suit, U.S. Patent No. 5,827,178.  (*See* Dkt. 78.)  Dr. Berall's letter attaches a January 4, 2019 decision by the Patent Trial and Appeal Board (PTAB) in the reexamination proceedings.  In that decision, the PTAB reversed the Examiner's determination that claims 1-15 of the patent-in-suit are invalid and affirmed the Examiner's rejection of Claim 16 as invalid.  Dr. Berall requests that in light of this decision, this "case be placed on the active Calendar." (Dkt. 117, Jan. 9, 2018 Berall Ltr. at 1.)  However, this decision did not terminate the reexamination, and there are still several remaining steps in the reexamination process that have not yet transpired and have no set dates.  Aircraft Medical therefore respectfully submits that the stay in this case should not be lifted until the reexamination is complete.

The Manual of Patent Examining Procedure (MPEP) describes the remaining steps that must occur before reexamination is complete.  As Your Honor is likely aware, the Patent Office publishes the MPEP to provide guidance to its examiners on the rules and regulations they must follow.  According to MPEP § 2287 (attached as Ex. A), following a PTAB decision in a reexamination, a case will return to the Examiner, who may then prepare a "Notice of Intent to Issue Ex Parte Reexamination Certificate" (NIRC).  For each allowed claim, the examiner will articulate the reasons each claim is found patentable.  *Id*.  At this point, the patentee has a limited ability to petition for additional amendments or evaluation of prior art.  *See* MPEP § 2287.01. Next, the examiner must prepare the reexamination file so that the Office of Data Management can prepare and issue a Reexamination Certificate in accordance with 35 U.S.C. § 307 and 37 C.F.R. 1.570.  The certificate functions to communicate the results of the proceeding to the public.  In this case, that would include the rejection of claim 16.  The publishing branch of the Patent Office will then publish the Reexamination Certificate in the Official Gazette.  It is not

WILMERHALE

January 25, 2019
Page 2

until that time that the reexamination process is complete. There is no prescribed schedule for the NIRC or the publication of a Reexamination Certificate.

In light of the outstanding remaining steps in the reexamination proceeding, Aircraft Medical respectfully submits that the current stay should not be lifted until the reexamination is complete.

Sincerely,

*/s/ Nora Q.E. Passamaneck*

Nora Q.E. Passamaneck