# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jonathan Berall, M.D., M.P.H.,<br><br>*Plaintiff*,<br><br>v.<br><br>Verathon Inc., Pentax of America, Inc., Karl Storz Endoscopy-America, Inc., Aircraft Medical, Ltd., LMA North America, Inc., and Airtraq, LLC,<br><br>*Defendants* | C.A. No.: 1:10-cv-05777-LAP-DCF<br><br>Mediation Proceedings<br>Before Mark Morril<br>Pursuant to April 29, 2020<br>Notice of Mediator Assignment |

## [PROPOSED] PROTECTIVE ORDER GOVERNING MEDIATION

Pursuant to Federal Rule of Civil Procedure 26(c) the Court hereby **ORDERS** that:

### PROCEEDINGS AND INFORMATION GOVERNED

1. This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party for the purpose of discovery during the scope of the mediation in the above-captioned action (the "Action"). The information protected includes but is not limited to documents, information, or other materials exchanged throughout the course of mediation that may constitute or contain sensitive, proprietary information of the parties or third parties that are designated by a party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" in accordance with the terms of this Protective Order. The party or third party producing such information is referred to both in the singular and the plural herein as the "Producing Party," and any party receiving such information is referred to herein as the "Receiving Party."

2. For clarity, this Protective Order does not govern any part of this Action beyond or apart from mediation. In the event the stay in this Action is lifted, the parties agree to diligently engage in good faith efforts to negotiate a further Protective Order governing production of documents in the course of discovery in the Action, to the extent necessary.

**Designation and Maintenance of Information**

3. For purposes of this Protective Order, the "Confidential Mediation Information" designation means that the document, information, or other materials constitutes, contains, reveals, relates to, or reflects process, operation, technical, production, marketing, sales, manufacturing, shipment, personnel or other proprietary or confidential information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G), is not publicly known, and is of technical or commercial advantage to its possessor, or other information required by law or agreement to be kept confidential. Confidential Mediation Information does not include, and this Protective Order does not apply to, documents, information or other materials that are already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

4. In the event that a particular Producing Party reasonably and in good faith believes that production of Confidential Mediation Information is especially sensitive or could cause significant competitive harm if disclosed to an unauthorized person, the Producing Party may designate discrete pages or volumes of Confidential Mediation Information as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" on a document-by-document basis. This provision is intended to be invoked sparingly, and should not be construed as permitting any Party to designate entire categories of materials as "HIGHLY

2

CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" without making an individual assessment of sensitivity on a document-by-document basis. Information designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" may not be disclosed to qualified persons identified in Paragraph 13 for the Receiving Party, without prior written approval of the Producing Party.

5. This Order also applies to all copies, summaries, translations, abstracts, or similar compilations containing information, documents or things derived from a designating party's sensitive proprietary information, such as trade secret or other confidential research, development or commercial information. Any designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" shall apply to any copies, summaries, translations, abstracts or similar compilations of such Confidential Mediation Information.

6. Documents, information and other things produced during the course of the mediation within the scope of this Protective Order, may be designated by the Producing Party as containing Confidential Mediation Information by placing on each page and each thing a legend substantially as follows: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" as applicable.

## Inadvertent Failure to Designate

7. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the Producing Party from designating such information as confidential at a later date in writing and with particularity. The information must be treated by the Receiving Party as

confidential from the time the Receiving Party is notified in writing of the change in the designation.

8. This Protective Order is intended to be an Order within the meaning of Federal Rule of Evidence 502(d) and 502(e) and to be accorded scope to the fullest extent permitted thereunder. Nothing in this Order shall be construed to require disclosure of information, documents or tangible items that counsel contends are protected from disclosure by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity. A Producing Party may produce a redacted version of information, documents or tangible items that counsel contends are protected from disclosure by the attorney-client privilege, the attorney work-product immunity or any other identified applicable privilege or immunity, identifying where the privileged or immune material was redacted with the designation "RP," "Redacted-Privileged," or a similar marking.

9. Inadvertent or unintentional production of documents or information containing Confidential Mediation Information which are not designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Within three business days of receiving a written request to do so from the Producing Party, the Receiving Party shall return to the Producing Party or destroy, and certify in writing such destruction, any documents or tangible items that the Producing Party represents were inadvertently or mistakenly produced. The Receiving Party shall also destroy all copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information. The Receiving Party shall have seven days from receipt of the Producing Party's written request to make a motion to compel production of the returned information.

**Disclosure and Use of Confidential Mediation Information**

10. Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" may only be used for purposes of preparation for and conducting mediation in this Action. To the extent a party wishes to obtain Confidential Mediation Information for use beyond mediation, it must separately obtain such Confidential Mediation Information pursuant to a discovery request. For the avoidance of doubt, production of Confidential Mediation Information during the course of mediation that is otherwise discoverable under the Federal Rules of Civil Procedure shall not be shielded from discovery merely because they are submitted or referred to in the mediation.

11. Confidential Mediation Information obtained for mediation may not be used under any circumstances for purposes beyond mediation, including for trial, appeal, prosecuting any patent application, for patent licensing, competition with the parties hereto, communications with the PTO, any foreign equivalent of the PTO, or any governmental regulatory agency, or for any other purpose. This provision does not prevent Confidential Mediation Information that is otherwise discoverable under the Federal Rules of Civil Procedure from being obtained through those appropriate channels and used for purposes outside of this mediation.

12. Confidential Mediation Information may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) the Receiving Party's outside counsel of record in this Action and their authorized secretarial, clerical and legal assistant staff, who are assisting in this mediation; (b) any persons requested by counsel to furnish services such as document coding, image scanning, photocopying, translation services, demonstrative exhibit preparation, or the creation of any computer database from documents; (c) any mediator appointed by the court and, for the purposes of aiding in the mediation, to the Court and its personnel in accordance with paragraph 16, below;

5

and (d) if the Court so elects, any other person designated by order of this Court after notice and hearing to all parties. For the avoidance of doubt, Confidential Mediation Information produced to a Receiving Party shall not be disclosed to any other party in the Action. For further avoidance of doubt, nothing herein shall preclude the Producing Party and the Receiving Party from agreeing on a case-by-case basis that additional individuals may have access to Confidential Mediation Information.

13. The parties have agreed that the following attorneys and/or persons beyond outside counsel for this Action may have access to Confidential Mediation Information designated as "CONFIDENTIAL," in accordance with the provisions of this Protective Order, provided they sign the form attached as Exhibit A, and that a signed copy is provided to the Producing Party.

    (a)    For Plaintiff: Jonathan Berall, M.D., M.P.H.;

    (b)    For Verathon Inc.: Andrew Barger, BSE, JD;

    (c)    For Pentax of America, Inc.: _____; and

    (d)    For LMA North America, Inc.: Attorneys Howard M. Cyr and James J. Leyden.

14. Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as **Exhibit A**.

### Non-Party Information

15. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this Action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

## FILING DOCUMENTS WITH THE COURT

16. Any confidential discussions and information sharing done in the course of the mediation to which this Protective Order applies are intended by the parties and the Court to be confidential even as to the Court and its personnel. Accordingly, no party will submit Confidential Mediation Information to the Court except to the minimum extent necessary to support a motion for relief regarding the conduct of the mediation, such as a motion to compel discovery that that party believes necessary to the mediation process. In such case, the submission must be made using the Court's procedures for filing documents under seal pursuant to the appropriate procedures for doing so electronically through the Court's ECF filing system and shall remain under seal until further order of the Court.

## NO PREJUDICE

17. Producing or receiving Confidential Mediation Information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Confidential Mediation Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery for the purposes of the mediation; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

## CONCLUSION OF MEDIATION

18. Within sixty (60) calendar days after conclusion of mediation proceedings, as determined by the Court, the mediator, or the joint agreement of the parties, or within sixty (60)

7

calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the Producing Party all materials and documents containing Confidential Mediation Information, and to certify to the Producing Party that this destruction or return has been done. However, outside counsel of record for any party is entitled to retain all court papers and attorney work, provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

## OTHER PROCEEDINGS

19. By entering this Protective Order and limiting the disclosure of information during the scope of meditation in this Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in this or another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's Confidential Mediation Information pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## REMEDIES

20. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

21. Nothing in this Order shall be construed to prevent counsel from advising their clients with respect to this Action and, in the course thereof relying upon any information designated under this Protective Order as Confidential Mediation Information, provided that counsel does not disclose the material contents of the designated information in a manner not specifically authorized under this Order.

22. The parties may, by stipulation, provide for exceptions to this Protective Order and any party may seek an order of this Court modifying this Protective Order.

23. Nothing in this Protective Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of the parties to assert any applicable discovery or trial privilege.

24. Each of the parties shall also retain the right to file a motion with the Court (a) to modify this Protective Order to allow disclosure of information designated under this Protective Order as Confidential Mediation Information to additional persons or entities if reasonably necessary to prepare and present during mediation in this Action and (b) to apply for additional protection of information designated under this Protective Order as Confidential Mediation Information.

**SO ORDERED:** _____June 15_____, 2020.

                                      **LORETTA A. PRESKA**
                                  UNITED STATES DISTRICT JUDGE