# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

Ashley Ross
To Call Writer Directly:
+1 212 446 4954
ashley.ross@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

November 6, 2020

**Filed via ECF**
THE HONORABLE LORETTA A. PRESKA
United States District Judge
Southern District of New York
United States Courthouse, Courtroom 12A
500 Pearl Street
New York, NY 10007-1312

Re:   *Berall v. Verathon, Inc. et al.*, C.A. No. 1:10-cv-05777-LAP-DCF

Dear Judge Preska:

At the October 28, 2020 telephonic status conference with Dr. Berall and Pentax, you had asked the parties to submit a letter setting out the parties' respective positions as to a case schedule (including the positions of currently stayed defendants Verathon and LMA). Verathon and LMA continue to engage in mediation discussions with Dr. Berall, and the parties remain hopeful that progress may be made. However, Dr. Berall, Verathon, and LMA are not currently able to inform the Court as to any specific timeframe by which mediation is expected to conclude. The parties believe that they will have a more definite idea as to the likelihood of success of mediation in the coming weeks.

The positions of the parties on scheduling are as follows:

**Dr. Berall's Position:**

Dr. Berall maintains that this case—which has lasted over 10 years—should proceed against all unstayed defendants (currently only Pentax) without further delay. Accordingly, Dr. Berall respectfully requests that the Court set a date for a Rule 16(b) Initial Pretrial Conference, in order to enter a scheduling order for the litigation against the unstayed defendants. Such schedule would include deadlines mandated by the Local Patent Rules, including for the service of Dr. Berall's Disclosure of Asserted Claims and Infringement Contentions, for the service of Pentax's Invalidity Contentions, and for *Markman*-related deadlines.

The proposed schedule would apply at present only to Pentax and related entities. Should mediation efforts with either Verathon and/or LMA be unsuccessful and the stay be lifted, Dr.

## KIRKLAND & ELLIS LLP

The Honorable Judge Loretta A. Preska
November 6, 2020
Page 2

Berall proposes that the parties meet and confer at that time to determine whether a modification to the schedule is necessary.

Additionally, Dr. Berall understands that Verathon is amenable to a limited lifting of the stay in order to allow Dr. Berall to serve venue-related discovery. Verathon has informed Dr. Berall that it will seek to transfer venue to the Western District of Washington, on the alleged basis that the United States Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017), causes venue in this District to be improper. Dr. Berall contends that Verathon has waived any challenge to venue, given its failure to move for transfer in the 10.5 years this case has elapsed, in the 2.5 years since the *TC Heartland* decision, or in the 15 months since the conclusion of the USPTO reexamination. However, Dr. Berall additionally seeks venue-related discovery to determine whether venue is proper in this District, and if not, whether venue is proper in any district other than the Western District of Washington. Accordingly, while mediation continues with Verathon, Dr. Berall proposes entry of a Verathon-specific scheduling order that would include dates for venue-related discovery, as well as for briefing of Verathon's motion.

**Pentax's Position:**

Pentax reiterates that it desires Plaintiff to proceed with any proposed amended complaint so that any pleading issues can be addressed, particularly while mediation is being completed for the other parties and/or Verathon and Plaintiff are addressing venue issues. Pentax objected to a schedule that applied only to it given that Verathon and/or LMA may have different claim construction positions. Moreover, at minimum, Pentax would need to coordinate any invalidity contentions with any other defendants. Under these circumstances, it would unnecessarily burden the Court and parties to proceed with iterative scheduling.

Pentax suggested to Plaintiff, and now suggests to the Court, that Plaintiff propose a schedule to defendants that would accommodate resolution of pleading and venue issues for all defendants, as well as the applicable deadlines contemplated in the local rules. Thereafter, the parties can confer and report back to the Court about any agreed, or still disputed, scheduling points.

**Verathon's Position:**

This case is currently stayed as to Verathon while Verathon and Plaintiff engage in mediation. The parties had agreed that no deadlines regarding substantive issues should be set as to Verathon during the stay. However, because Plaintiff is moving forward with substantive litigation against

# KIRKLAND & ELLIS LLP

The Honorable Judge Loretta A. Preska
November 6, 2020
Page 3

Pentax and the issues overlap, it has become necessary to harmonize schedules to avoid substantial prejudice to Verathon.[1]

Verathon understands that the Court has lifted the stay as to Pentax in light of the failure of the parties to reach a mediated settlement, despite the undisputed fact that that Pentax has very little exposure in this case.  It is also apparent that the accused products from Pentax differ markedly from those of Verathon. The problem is that Plaintiff seeks to move ahead with respect to Pentax with claim construction on the same patents at issue against Verathon.  As the Court knows, claim construction is a matter of law for the Court and one that demands substantial time and judicial resources.  It is not reasonable to ask the Court to engage in that process more than once.  As presently posited, Plaintiff seeks to engage in claim construction with Pentax alone, staging the issue against a party with little at stake and whose design differs from that of Verathon.

The most rational solution here is to permit the Plaintiff and Pentax to begin substantive discovery and other litigation exchanges but await claim construction until such time as a single claim construction process may be scheduled.  Mediation is not the only obstacle that will affect the timing of this case.  As the Court may recall from exchanges prior to mediation, there are serious questions about whether venue as to Verathon is proper in this District.  Plaintiff's passing assertions regarding waiver ignore that this case has long been stayed and this Court's prior order that Verathon's venue objection was not waived by participation in mediation.  *See* Dkt. No. 169.  Verathon proposes that an appropriate amount of time be set for venue-related discovery, followed by deadlines for Plaintiff to amend its complaint solely to identify the bases for its venue allegations, and for briefing Verathon's motion.

**LMA's Position:**

LMA respectfully requests additional time for mediation with Dr. Berall before proposing a case schedule, and agrees that LMA and Dr. Berall will likely have a more definite idea as to the likelihood of success of mediation in the coming weeks.  Once that clarity is obtained, LMA will be able to provide its position to the Court as to a case schedule.

---

[1] The parties conferred regarding scheduling on November 4, 2020, and Verathon understood from that discussion that Plaintiff would not make any scheduling requests of the Court at this time, but would instead circulate a proposed schedule for the parties to consider, while informing the Court that the parties were working together on a scheduling proposal.  Verathon was thus surprised to see, when Plaintiff circulated its draft letter to the Court the afternoon of November 5th, Plaintiff's position requesting various deadlines be set.

**KIRKLAND & ELLIS LLP**

The Honorable Judge Loretta A. Preska
November 6, 2020
Page 4

                                     Sincerely,

                                     /s/ *Ashley Ross*
                                     Ashley Ross
                                     **KIRKLAND & ELLIS LLP**
                                     601 Lexington Ave.
                                     New York, NY 10022
                                     1-212-446-4954
                                     Ashley.Ross@kirkland.com

*cc:* Counsel of Record via ECF