

Jonathan R. Wise
Tel 215.988.7850
Fax 215.988.7801
wisej@gtlaw.com

January 14, 2021

**BY ECF**
The Honorable Loretta A. Preska
United States District Court, Southern District of New York
United States Courthouse, Courtroom 12A
500 Pearl Street
New York, NY 10007-1312

    **Re:**    *Berall v. Verathon, Inc. et al.*, **C.A. No. 1:10-cv-05777-LAP-DCF (S.D.N.Y.)**

Dear Judge Preska:

We represent LMA North America, Inc. ("LMA") in the above-referenced matter. Pursuant to the Court's Individual Practices § 2.A., LMA submits this letter in opposition to Plaintiff Jonathan Berall, M.D., M.P.H.'s ("Berall") letter seeking a pre-motion conference regarding his proposed motion to substitute Teleflex Medical, Inc. ("Teleflex") for LMA under Fed. R. Civ. P. 25(c). Dkt. 222. As explained below, contrary to Berall's contentions, substituting Teleflex for LMA is not a "simple *pro forma* matter of substituting names in the caption." Dkt. 222 at 1. Rather, substituting Teleflex for LMA would unnecessarily complicate the action by permitting Berall to circumvent the federal rules to pursue infringement of products unrelated to LMA and outside the scope of the pleadings. Dkt. 1 (original complaint); Dkt. 193 (amended complaint). Indeed, Berall's intent is to improperly seek discovery from Teleflex that is irrelevant to the allegations against LMA (*see* Dkt. 222 at 3), which should not be permitted even if substitution is granted.[1]  Berall's request for a pre-motion conference should be denied.

**Background**

In 2010, Berall filed this action against Defendants Verathon Inc., Pentax of America, Inc., Karl Storz Endoscopy-America, Inc., Aircraft Medical, Ltd. ("Aircraft"), LMA, and AirTraq, LLC, ("Airtraq"), asserting infringement of U.S. Patent No. 5,827,178 ("the '178 patent"). With respect to LMA, Berall alleged that LMA infringed the '178 patent based ***only*** on LMA's distribution of video laryngoscope products for Aircraft, including the McGrath Series 5 video laryngoscope ("LMA Accused Products"). Dkts. 1, 193. Specifically, Berall's allegation of infringement against LMA is as follows:

---

[1] The November 23, 2020 email attached to Berall's letter as Ex. A (Dkt. 222-1) demonstrates that Berall's counsel was unwilling to discuss its improper purpose for substituting Teleflex after counsel for LMA already confirmed that LMA-related discovery in Teleflex's possession would be collected and produced, if otherwise discoverable.

**Greenberg Traurig, LLP | Attorneys at Law**
1717 Arch Street  |  Suite 400  |  Philadelphia, Pennsylvania 19103  |  T +1 215.988.7800  |  F +1 215.988.7801

www.gtlaw.com

> 90. On information and belief, LMA, as exclusive United States distributor for Aircraft of video laryngoscopes, uses, offers to sell, imports, and/or sells within the United States, and/or actively induces others to make, use, offer to sell, import, and/or sell within the United States, products that practice the inventions of the '178 Patent, including, for example, the McGrath Series 5 video laryngoscope.

Dkt 1, ¶34 (original complaint); Dkt. 193, ¶90 (amended complaint). Berall has not made any other allegation against LMA in its original or amended complaints concerning products other than those supplied by Aircraft. LMA has admitted that it served as Aircraft's distributor in the United States from 2006 to 2010. Dkt. 213, ¶31. In December 2013, LMA merged into Teleflex and ceased to exist. When LMA merged into Teleflex, LMA was not distributing any LMA Accused Products.

In the original complaint, Berall also alleged infringement against Airtraq due to, *inter alia*, Airtraq's sales of the "Airtraq video laryngoscope." Dkt. 1, ¶¶17, 37-40. Just a few months later, on October 21, 2010, Berall dismissed Airtraq, permitting Airtraq to continuing selling the Airtraq video laryngoscope. Dkt. 31. That voluntary dismissal occurred only days after counsel for Airtraq sent Berall a letter dated October 4, 2010, showing the clear noninfringement of the Airtraq video laryngoscope. Several years after Airtraq's dismissal, in 2015, Teleflex began distributing the Airtraq video laryngoscope, which it publicly announced. Dkt. 222-3. LMA has never distributed the Airtraq video laryngoscope, nor has Aircraft ever supplied the Airtraq video laryngoscope to LMA or Teleflex.

**Argument**

"Rule 25(c) of the Federal Rules of Civil Procedure provides that '[i]f an interested party is transferred the action ***may be continued by or again the original party*** unless the court, on motion, orders the transferee be substituted in the action or joined with the original party.'" *Software Freedom Conservancy Inc. v. Best Buy Co. Inc.*, 2010 WL 4860780, at *2 (S.D.N.Y. Nov. 29, 2010) (emphasis added). Rule 25(c) "does not require that anything be done after an interest has been transferred." *Luxliner P.L. Export Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993*)* (citing 7C Wright, Miller & Kane, Federal Civil Procedure § 1958 at 555 (2d ed. 1986)). Thus, "granting substitution of one party in litigation for another under Rule 25(c) is a discretionary matter for the trial court." *In re Chalasani*, 92 F.3d 1300, 1312 (2d Cir. 1996). "The 'primary consideration in deciding a motion pursuant to Rule 25 (c) is whether substitution will expedite and simplify the action.'" *Advanced Mktg. Group, Inc. v. Bus. Payment Sys., LLC*, 269 F.R.D. 355, 359 (S.D.N.Y. 2010) (citing *Organic Cow, LLC v. Center for New Eng. Dairy Compact Research*, 335 F.3d 66, 71 (2d Cir. 2003).

Substituting Teleflex for LMA would not expedite or simplify this action in view of Berall's improper intent to seek discovery unrelated to LMA and outside of the allegations against LMA in the original or amended complaints. Dkt. 1; Dkt. 193. As an initial matter, LMA does not dispute that Teleflex is its successor in interest and will be liable if there is a judgment against LMA. Counsel for LMA has also already advised Berall that if any LMA documents relevant to this action are in Teleflex's possession, they will be collected and produced, if otherwise discoverable. Nonetheless, Berall contends that Teleflex should be substituted for LMA because it has "patent-

January 14, 2021
Page 3

infringement claims against Teleflex for the pre-merger laryngoscope sales by LMA, as well as the post-merger laryngoscope sales by Teleflex." Dkt. 222, p. 3. Citing, *inter alia*, *Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, 2013 WL 1626111 (S.D. Cal. Apr. 15, 2013), Berall argues that "substitution or joinder will expedite and simplify the action, as opposed to requiring patentee to file a new separate lawsuit." *Id.* at 2. This is incorrect. First, as discussed above, a separate lawsuit is not required for Teleflex to be liable for the "pre-merger laryngoscope sales by LMA" that are at issue in this case. *Luxliner*, 13 F.3d at 71 (Rule 25(c) "does not require that anything be done after an interest has been transferred.").

Second, Rule 25(c) is not the proper means for asserting infringement against Teleflex for the alleged-post-merger sales that are not at issue in this case. In *Zest*, the court permitted joinder under Rule 25(c) because "[w]ithout a joinder, Plaintiffs would likely seek a separate lawsuit against [the successor in interest] for ***continued patent infringement of the accused products as well as the updated version of the accused products***." *Zest*, 2013 WL 1626111 at *2 (emphasis added). *Zest* is inapposite. Berall does not contend that post-merger, Teleflex continued distributing the LMA Accused Products or updated versions of the LMA Accused Products. Dkt. 222 at 3. Rather, more than one year after LMA ceased to exist, Teleflex began distributing the Airtraq video laryngoscope—a product that (1) was never distributed by LMA, (2) was not supplied by Aircraft, and (3) does not fall within the scope of the allegations of the amended complaint. As discussed above, Teleflex began distributing the Airtraq video laryngoscope in 2015—five years after Berall voluntarily dismissed Airtraq from this action. Berall should not be permitted to use Rule 25(c) as an end run around of its own delay for not filing a separate action against Teleflex.[2]

In sum, substituting Teleflex for LMA so that Berall can attempt to allege infringement of a new accused product bearing no relationship to LMA and outside of the allegations in the amended complaint would not expedite or simplify this action.[3] *See Advanced Mktg. Group*, 269 F.R.D. at 359 (denying motion for substitution under Rule 25(c) because, *inter alia*, "substitution would do just the opposite" of expediting or simplifying the action. Rather, "it would lengthen and complicate" the dispute). Accordingly, LMA respectfully requests that the Court deny Berall's request to file a motion to substitute Teleflex for LMA pursuant to Fed. R. Civ. P. 25(c).

Respectfully submitted,

By: */s/ Jonathan R. Wise*

Jonathan R. Wise
GREENBERG TRAURIG, LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19103
(215) 988-7850
wisej@gtlaw.com

---

[2] Berall's allegation that LMA delayed in filing its Supplemental Rule 7.1 Statement is a red herring, as the merger with Teleflex occurred on December 31, 2013, when this action was stayed.
[3] As set forth in LMA's letter requesting a pre-motion conference, dated January 13, 2021, the case against LMA can be resolved at the outset via summary judgment. *See* Dkt. 227.

Scott J. Bornstein
Elana Araj
200 Park Avenue
New York, NY  10166
(212) 801-9200
bornsteins@gtlaw.com
araje@gtlaw.com
*Counsel for Defendant LMA North America, Inc.*

cc:  all counsel of record via ECF