# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Christopher DeCoro
To Call Writer Directly:
+1 212 446 4859
cdecoro@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800
www.kirkland.com

Facsimile:
+1 212 446 4900

**Filed via ECF**                                                                                                                    January 15, 2021

The Honorable Loretta A. Preska
United States District Judge, Southern District of New York
United States Courthouse, Courtroom 12A
500 Pearl St.
New York, NY 10007-1312

        Re:    *Berall v. Verathon, Inc. et al.*, C.A. No. 1:10-cv-05777-LAP-DCF

Honorable Judge Preska:

      I write on behalf of Plaintiff Jonathan Berall, M.D., M.P.H., in reply to the January 14, 2021 letter (Dkt. 228) from LMA North America, Inc. ("LMA"), which responds to Dr. Berall's letter dated January 11, 2021 (Dkt. 222), requesting Teleflex Medical Inc. ("Teleflex") be substituted in place of the long-defunct LMA.

      LMA's response makes factually unfounded and legally unsupported allegations against Dr. Berall's routine request. LMA accuses Dr. Berall of attempting to "circumvent the federal rules to pursue infringement of products unrelated to LMA and outside the scope of the pleadings." Dkt. 228 at 1. Yet LMA never identifies which federal rule Dr. Berall is allegedly circumventing, and there is no requirement that the complaint identify each accused product. Rather, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007); *see also Promos Techs., Inc. v. Samsung Elecs. Co. Ltd.*, 2018 WL 5630585, at *3 (D. Del. Oct. 31, 2018) ("pleading an exemplary product is sufficient"); *Nichia Corp. v. VIZIO, Inc.*, 2017 WL 3836141, at *2 (E.D. Tex. July 24, 2017) ("[A] plaintiff need not exhaustively identify each and every infringing product ... in its complaint.... [T]he exemplary products provide sufficient notice...."). "Identifi[cation] ... [of] each product ... that allegedly infringes" is not required until the time specified for plaintiff's infringement contentions. L. Pat. R. 6. Here, the First Amended Complaint alleges that LMA infringes by using, selling, offering for sale, and importing video laryngoscopes, of which the Aircraft McGrath Series 5 is only an illustrative, non-limiting example. Dkt. 193 ("FAC") ¶ 90 ("LMA ... uses, offers to sell, imports, and/or sells within the United States ... products that practice the inventions of the '178 Patent, *including, for example*, the McGrath Series 5 video laryngoscope."). The FAC makes clear that the Berall Patent covers video laryngoscopes generally, and is not limited to one particular model. *See, e.g.*, FAC ¶¶ 48–51. Moreover, the original complaint *expressly* accused the AirTraq scope of infringing (Dkt. 1 ¶ 37), and the former defendant that sold the AirTraq scope (AirTraq, LLC) was dismissed *without* prejudice (Dkt. 38). Thus LMA cannot plausibly complain it lacked notice of Dr.

The Honorable Loretta A. Preska — January 15, 2021                                                                    Page 2

Berall's allegations regarding the AirTraq scope's infringement.

LMA asserts that "[Dr.] Berall has not made any other allegation against LMA in its original or amended complaints concerning products other than those supplied by Aircraft." Of course, when the original complaint was filed in 2010, LMA/Teleflex had not begun to sell AirTraq scopes, thus Dr. Berall could not have included this allegation. And when the first amended complaint was filed on Nov. 12, 2020, mediation discussions with LMA were ongoing, and the case against LMA was stayed. Dr. Berall thus properly limited his amendment to allegations related to the only party for which the Court had lifted the stay (*i.e.*, Pentax). Although Dr. Berall believes that further amendment is unnecessary, should the Court deem otherwise, Dr. Berall is fully prepared to amend his complaint to include additional allegations regarding Teleflex's infringement after the initial complaint.

LMA also accuses counsel for Dr. Berall of being "unwilling to discuss its [*sic*] improper purpose" of pursuing discovery regarding Teleflex's infringing AirTraq scopes. Dkt. 228 at 1 n.1. However, Dr. Berall had made no secret of his allegations (previously discussed at length with counsel for LMA) that Teleflex's AirTraq products infringed and are properly part of this case. *See* Ex. A (Nov. 24, 2020 email from C. DeCoro, responding to Nov. 23 email from J. Wise refusing to consent to substitution). As was explained to LMA, Dr. Berall cannot accept LMA's arbitrary limit on discovery. *See id.*

Moreover, there is nothing "improper" about Dr. Berall seeking to pursue all his claims against Teleflex in one action. Although Dr. Berall is prepared to file a separate action against Teleflex should the Court deem that necessary, he respectfully submits that it would be contrary to judicial efficiency to require the parties and the Court to conduct two separate litigations, culminating in separate trials and separate appeals. Whether the AirTraq scope is an "LMA Accused Product" (as LMA arbitrarily defines that term) or an "updated version of the LMA Accused Products" (*cf.* Dkt. 228 at 2) is of no moment. Both the McGrath scope and the AirTraq scope are video laryngoscopes that are highly similar to one another, and both are infringing. *See* Ex. B (demonstrative depicting the similarities between the two, including in the manner in which they meet the elements of the asserted claims). The same party (Teleflex) is liable for both. Substitution of Teleflex would therefore significantly streamline the dispute between the parties by allowing Teleflex's liability to be resolved in a single action. Indeed, had the case not been stayed at the time of LMA's merger into Teleflex in 2013, Teleflex would have been substituted then, and there would be no doubt that Dr. Berall's allegations against Teleflex's subsequent infringing sales were proper.

Although this action has been pending over 10 years, LMA has continually sought to delay further. In fact, despite LMA's assertions that "LMA-related discovery in Teleflex's possession would be collected and produced," Dkt. 228 at 1 n.1, LMA has categorically refused to respond to **any** discovery (LMA-related or otherwise), stating that it will not do so until this Court enters a scheduling order. *See* Ex. C. By refusing to agree to a substitution that would streamline the resolution of the parties' dispute, and by insisting that Dr. Berall must "fil[e] a separate action against Teleflex," Dkt. 228 at 3, LMA further demonstrates its opposition to a timely and expedient resolution. For the reasons discussed above and in Dr. Berall's opening letter, Dr. Berall respectfully requests this Court substitute Teleflex in place of LMA.

The Honorable Loretta A. Preska — January 15, 2021                                          Page 3

                                            Sincerely,

                                            */s/ Christopher DeCoro*

                                            Christopher DeCoro

cc: Counsel of Record