# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Christopher DeCoro
To Call Writer Directly:
+1 212 446 4859
cdecoro@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800
www.kirkland.com

Facsimile:
+1 212 446 4900

**Filed via ECF**                                                                      January 22, 2021

The Honorable Loretta A. Preska
United States District Judge, Southern District of New York
United States Courthouse, Courtroom 12A
500 Pearl St.
New York, NY 10007-1312

      Re:    *Berall v. Verathon, Inc. et al.*, C.A. No. 1:10-cv-05777-LAP-DCF

Honorable Judge Preska:

    I write on behalf of Plaintiff Jonathan Berall, M.D., M.P.H., in response to Verathon Inc.'s ("Verathon") January 19, 2021 Letter requesting a pre-motion conference to file a motion to transfer this case for improper venue (Dkt. 233). Although Dr. Berall intends to oppose the transfer on the merits, Dr. Berall does not oppose Verathon's request for leave to file its motion at this time, so long as Dr. Berall has the opportunity (consistent with the agreement of the parties) to perform venue-related discovery prior to his response.

    Dr. Berall filed his original complaint[1] in 2010, seven years prior to the Supreme Court's opinion in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (May 22, 2017), on which Verathon bases its proposed motion. There is no dispute that, at the time the original complaint was filed, venue was proper under then-governing law. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990) (holding that venue as to corporate defendant is proper in any district where "the defendant was subject to personal jurisdiction in the district of suit at the time the action was commenced"), *abrogated by TC Heartland*, 137 S. Ct. at 1514.

    During the intervening years, Verathon answered the complaint (Dkt. 22), filed its (ultimately unsuccessful) *ex parte* reexamination at the Patent Office, and obtained a stay of this litigation pending the outcome of the Patent Office proceedings (Dkt. 42). Just as Verathon demonstrated its capability to seek a stay, Verathon was perfectly capable of seeking to lift that

---

[1] Verathon's allegation that Dr. Berall's First Amended Complaint ("FAC," Dkt. 193) "includes no factual allegations as to Verathon" (Dkt. 233 at 1 n.1) ignores at least Count I of the complaint, which alleges that Verathon's Glidescope video laryngoscope infringes the Berall Patent. FAC ¶ 52. The FAC was filed on November 12, 2020, during which time Verathon and Dr. Berall were in continued mediation discussions.

The Honorable Loretta A. Preska — January 22, 2020                                                        Page 2

stay for the limited purpose of filing its venue-transfer motion once *TC Heartland* was decided. Instead, it took a "wait and see" attitude with respect to the re-examination. Verathon also could have sought leave to file its motion after the Patent Trials and Appeals Board upheld the validity of the Berall Patent over two years ago, on January 4, 2019.  *See Ex Parte Berall*, Appeal No. 2018-8999, 2019 WL 140713 (P.T.A.B Jan. 4, 2019).  Instead, it again took a "wait and see" attitude, potentially hoping that Dr. Berall (who by that point had been *pro se* for nearly 8 years) would just go away.  The record moreover makes clear that Verathon was not forced to remain silent during the pendency of the stay.  To the contrary, Verathon availed themselves of the Court's authority or indicated their intent to do so several times.  Ultimately, over three and a half years have elapsed since *TC Heartland.*  This delay alone (the latest tactic to draw out a determination of the case on the merits) warrants denial of Verathon's motion on the basis of waiver.

      Setting aside Verathon's waiver, and in view of the intervening decade since the original complaint, Dr. Berall has respectfully requested the opportunity to conduct venue discovery in order to determine whether venue was proper in this District under the *TC Heartland* standard; and if not, in which districts venue would be proper.  *See* Dkt. 212 (the parties' joint proposed schedule).  Verathon has not objected to such discovery, and "has no objection in principle to Plaintiff's request to brief the venue dispute after time for related discovery." *Id.* at 3.  The parties' previous proposal for Dr. Berall's response was March 19, 2021, based on the then-assumption the motion would be filed in December 2020.  Dr. Berall respectfully submits that additional time may now be required given the delayed filing of the motion.  Dr. Berall has raised this issue with Verathon, and understands that "[Verathon] ha[s] no issue accommodating a reasonable period for venue discovery, so long as Verathon's venue motion is resolved prior to proceeding to claim construction."  (Ex. A, Jan. 15, 2021 Email from T. Kodish.)  Dr. Berall served additional venue-related RFPs on Verathon on January 6, 2021.  Assuming Verathon's substantive and timely response to these requests, Dr. Berall submits that it will be possible to complete venue discovery and resolve Verathon's motion well prior to claim construction.

      Sincerely,

      */s/ Christopher DeCoro*

      Christopher DeCoro

cc:       Counsel of Record