**GT** **GreenbergTraurig**

Jonathan R. Wise
Tel 215.988.7850
Fax 215.988.7801
wisej@gtlaw.com

September 27, 2021

**BY ECF**
The Honorable Loretta A. Preska
United States District Court, Southern District of New York
United States Courthouse, Courtroom 12A
500 Pearl Street
New York, NY 10007-1312

Re:   <u>*Berall v. Verathon, Inc. et al.*, C.A. No. 1:10-cv-05777-LAP-DCF (S.D.N.Y.)</u>

Dear Judge Preska:

We represent Teleflex Medical Incorporated ("Teleflex")[1] in the above-identified case. We write in response to Plaintiff Jonathan Berall, M.D., M.P.H.'s ("Berall") letter that was filed at 11 pm on Friday, September 24, 2021 and the unauthorized Second Amended Complaint that was filed therewith. Teleflex respectfully submits that the Second Amended Complaint should be deemed without legal effect and stricken, because Teleflex did not consent to it, nor did Berall seek or obtain leave of Court prior to filing. To the extent the Court permits Plaintiff to move to amend, Teleflex requests an opportunity to respond and oppose on grounds of futility, undue delay, prejudice and bad faith.

Per Fed. R. Civ. P. 15(a), "[a] party may amend its [complaint] once as a matter of course within . . . 21 days after serving it." That law is clear, however, "[w]here that time period has elapsed, amendments may be made only if the opposing party consents or the Court grants leave." *Chevron Corp. v. Donziger*, 886 F. Supp. 2d 235, 275 (S.D.N.Y. 2012) ("[A]n amended pleading improperly served or filed without leave of court or consent of the adversary is improper and should be stricken.") (citing *Chevron Corp. v. Salazar*, 2011 WL 3628843, at *2-3 (S.D.N.Y. Aug. 17, 2011); *accord Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) ("Generally speaking, an amendment that has been filed or served without leave of court or consent of the defendants is without legal effect."); *In re Crazy Eddie Sec. Litig.*, 792 F. Supp. 197, 204 (E.D.N.Y. 1992).)

It is undisputed that Teleflex did not consent to the Second Amended Complaint. (Dkt. 339, n. 1.) (Ex. A, 9.24.2021 Wise email to Ross.) Nor did Plaintiff seek and obtain leave to amend prior to filing. Rather, on September 9, 2021, Berall acknowledged that the Original Complaint that was filed ***over a decade ago*** did not plead willfulness against LMA,[2] blamed the deficiency on prior

---

[1] On January 19, 2021 the Court ordered that Teleflex be substituted for LMA North America, Inc. ("LMA") pursuant to Fed. R. Civ. P. 25(c). (Dkt. 234.)

[2] Berall affirmatively pled willful infringement and pre-suit knowledge in the Original Complaint with respect to **<u>each of the five other defendants</u>** he accused of infringing the '178 patent

September 27, 2021
Page 2

counsel, asked Teleflex to explain why an amendment to add willfulness "among other [unspecified] things" would be prejudicial to Teleflex, and advised that he would seek leave to amend the pleadings. (Ex. B, 9.9.2021 DeCoro ltr to Wise, at 3). On September 19, 2021, Berall followed up asking for consent to file an amended complaint to add allegations that LMA (now Teleflex) willfully infringed the patent in suit and further indicated that he would seek leave to amend. (Ex. C, 9.19.2021 DeCoro email to Wise). Teleflex responded that same day assuring Berall a detailed response would be provided by September 22. (Ex. C, 9.19.2021 Wise email to DeCoro). On September 22, 2021, Teleflex responded and explained in detail why it would not consent to new allegations of willfulness, and how any such allegations lacked a Rule 11 basis and should be denied for futility, undue delay, undue prejudice, and bad faith. (Ex. D, 9.22.2021 Wise ltr to DeCoro). During the parties' meet and confer on September 22, Berall for the first time, also sought consent for additional amendments with respect to direct, induced, and contributory infringement, including infringement allegations with respect to a product (i.e., the Airtraq scope) that is unrelated to LMA or any pleading against LMA in the Original Complaint. Teleflex reiterated on September 24 that it would not consent. (Ex. A). Teleflex also made clear to Plaintiff that he needed to seek leave of Court to amend, and that the Court's ruling with respect to a different defendant Pentax[3] did not apply to Teleflex in this case. (Ex. E, 9.22.2021 Araj email to Ross; *see also* Exs. A, C). Despite this, Berall argues in his letter that the Court's Pentax Order also applies to Teleflex in this matter, in an effort to circumvent the requirement of seeking leave of Court and to deprive Teleflex of an opportunity to oppose its amendment and inform the Court of the futility, undue delay, undue prejudice and bad faith associated with those new allegations.

As one example, in the Second Amended Complaint Berall now alleges—over eleven years after the filing of the Original Compliant—that LMA (now Teleflex) had pre-suit knowledge of, and willfully infringed, the patent in suit based on, *inter alia*, the following allegation:

> 69. For example, prior to filing the Original Complaint, LMA was informed of the '178 Patent through a notice letter sent by Dr. Berall's attorney, Charles Baxley, dated March 15, 2007. Ex. 10. Mr. Baxley's letter indicated [sic] identified the '178 Patent, and indicated that the McGrath video laryngoscope practiced the '178 Patent. Mr. Baxley's letter indicated Dr. Berall's interest in discussing the possibility of granting LMA a license to the '178 Patent. For at least this reason, LMA had notice of the '178 Patent and infringement by the McGrath video laryngoscope upon receipt of Mr. Baxley's letter.

---

including Aircraft Medical Ltd. (dkt. 1, ¶32), Pentax of America, Inc. (dkt. 1, ¶24), Verathon Inc. (dkt. 1, ¶20), Karl Storz Endoscopy-America, Inc. (dkt. 1, ¶28), and Airtraq LLC (dkt. 1, ¶39)— **but not with respect to LMA.** This was not a mistake by Plaintiff or his counsel; it was a deliberate decision based on the fact that, unlike the other five defendants, Plaintiff had never given pre-suit notice to LMA and, thus, had no Rule 11 basis for an allegation of willfulness against it.
[3] On September 2, 2021, the Court granted in part and denied in part Hoya Corp., Hoya Digital Solutions Corp., and Pentax of America, Inc.'s (collectively, "Pentax") motion for judgment on the pleadings. (Dkt. 326.) Pentax's motion challenged the insufficiency of Berall's allegations in the First Amended Complaint against Pentax only. Teleflex was not a party to Pentax's motion. The Court's Order with respect to Pentax stated that "Consistent with Federal Rule of Civil Procedure 15(a)(2), Dr. Berall may file an amended complaint no later than September 24, 2021." (Dkt. 326.)

September 27, 2021
Page 3

However, this allegation concerning an ***unsigned*** letter in Mr. Baxley's files was directly contradicted by his sworn testimony that he did not recall ever ***communicating with anyone at LMA pre-suit*** regarding the patent in suit. (Ex. F, Baxley Tr. 159:22-25.) Indeed, even when counsel for Plaintiff, who was representing Baxley, tried to get him to change his testimony, he testified that he had "no recollection" of contacting LMA. (Ex. F, Baxley Tr. 165:22-24.) This was also confirmed by the fact that no one—not Berall himself (who was a "bc" on the unsigned letter but never produced it), Baxley, nor LMA—has any evidence that the letter was ever sent or received, including Plaintiff's counsel. If anything, this alleged lack of memory after an over eleven year delay is exactly the sort of prejudice which warrants denial of the amendment. *See Prince v. Suffolk County Dep't of Health Servs.*, Nos. 89-7243 (LAP), 89-8085 (LAP), 1995 WL 144782, \*5-6 (S.D.N.Y. Apr. 3, 1995) (Preska, J) (denying a motion to amend when loss of memory was more than merely hypothetical after seven years when the witness indicated he had no present recollection of the issue). Thus, any amendment based on Ex. 10 of the Second Amended Complaint would be futile and prejudicial as there is no plausible basis for Berall's willful infringement allegation against Teleflex in the Second Amended Complaint that Berall submitted without leave or consent. *See Berall v. Pentax of Am.*, No. 10-5777, 2021 U.S. Dist. LEXIS 167080, \*2 (S.D.N.Y. Sept. 2, 2021) (requiring for willfulness that Berall ***plausibly allege*** deliberate and intentional infringement with knowledge of the patent). Berall's Second Amended Complaint contains other similarly futile and prejudicial new allegations against Teleflex, including allegations that Berall knew or should have known ***prior to*** the Original Complaint being filed more than ***eleven years*** ago. For example, it contains bare and unsupported allegations "on information and belief" that a former employee or another company, "would have" told LMA about the patent in suit prior to July 30, 2010 despite not having any obligation to do so. (Dkt. 340, ¶¶72, 74.) And further, it contains allegations regarding infringement of a new product (i.e., the Airtraq product) that is unrelated to LMA or the allegations against LMA in the Original Complaint, and will only confuse the jury if added to this case. (*See* Dkt. 278.)

In sum, Berall did not have consent or authorization to file the Second Amended Complaint, and, therefore, the Second Amended Complaint should have no legal effect and be stricken. If Berall wishes to amend his allegations against Teleflex, Berall should be required to move this Court for leave to amend pursuant to the Court's rules and the Federal Rules, and Teleflex should be afforded a fair opportunity to explain in detail why Berall cannot show good cause to amend to materially change the scope of this case, and why such amendments should be denied for futility, undue delay, undue prejudice, and bad faith.

Respectfully submitted,

By: /s/ *Jonathan R. Wise*

Jonathan R. Wise
GREENBERG TRAURIG, LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19103
(215) 988-7850
wisej@gtlaw.com

September 27, 2021
Page 4

Scott J. Bornstein
Elana Araj
200 Park Avenue
New York, NY  10166
(212) 801-9200
bornsteins@gtlaw.com
araje@gtlaw.com
*Counsel for Teleflex Medical Incorporated*