```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| JONATHAN BERALL, M.D., M.P.H.,<br><br>                    Plaintiff,<br><br>-against-<br><br>TELEFLEX MEDICAL INCORPORATED,<br><br>                    Defendant. | No. 10-CV-5777 (LAP)<br><br>MEMORANDUM & ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Defendant Teleflex Medical Incorporated's ("Teleflex") request to file a motion to compel documents bearing Bates Nos. BERALL-0028222-28226 and BERALL-0028717-28724 (collectively, the "Disputed Documents"), which Plaintiff produced on May 17, 2021 and clawed back on May 26, 2021 pursuant to the Stipulated Protective Order (dkt. no. 252).  (See dkt. nos. 363, 367.)  Plaintiff Dr. Berall opposes the motion.  (See dkt. no. 365.)  The Court considers the parties' letter motions as the briefing on Defendant's motion to compel.  The Court assumes the parties' familiarity with the facts and procedural history of the case.  For the reasons set forth below, Defendant's request to compel production of the Disputed Documents is DENIED.

I.   DISCUSSION

Teleflex seeks to compel Dr. Berall to produce e-mail communications sent by Dr. Berall to (1) Vassilios Pipis on

January 4, 2012 and (2) to Debra Bartron on May 15, 2017.[1] (See id. at 1.)  In each e-mail, Dr. Berall forwards an e-mail chain between Dr. Berall and his attorney, Zeev Pearl, beginning on January 11, 2011.[2]  (See id.)  Dr. Berall's current counsel represents that Dr. Berall "discusses his mental impressions of his representation by PCZL[,] their legal strategies, and the status of the attorney-client relationship" in the e-mail chain between Dr. Berall and Mr. Pearl.  (Id.)  Teleflex raises two arguments for why this Court should compel production of the Disputed Documents: (1) the work-product doctrine does not protect the Disputed Documents because they were not prepared "in anticipation of litigation" and (2) Dr. Berall waived the attorney-client privilege over the e-mail chain with Mr. Pearl because Dr. Berall forwarded the chain to non-lawyer third parties.  (See dkt. no. 363 at 1, 3.)  The Court analyzes each argument in turn.

   a. Work-Product Protection

   Teleflex argues that the Disputed Documents are not protected by work-product immunity because they were not created "in anticipation of litigation" or because of the threat of

---

[1] Teleflex states that its motion to compel is limited to the sub-part of the Disputed Documents regarding Airtraq LLC ("Airtraq").  (See dkt. no. 363 at 1 n.1.)
[2] Other attorneys at Mr. Pearl's law firm, Pearl Cohen Zadek Latzer ("PCZL"), were Dr. Berall's initial attorneys of record in the instant dispute.  (See dkt. no. 365 at 1.)

litigation; rather, the e-mail chain between Dr. Berall and Mr. Pearl originated after Dr. Berall voluntarily dismissed his action against Airtraq on October 21, 2010, and "Plaintiff did not anticipate any future litigation with Airtraq." (See dkt. nos. 27, 363 at 3.) "A document is prepared in anticipation of litigation if there is the threat of some adversary proceeding, the document was prepared because of that threat and the document was created after that threat became real." In re Grand Jury Proc., No. M-11-189 (LAP), 2001 WL 1167497, at *13 (S.D.N.Y. Oct. 3, 2001).

Although Dr. Berall discusses the Airtraq litigation in the Disputed Documents, the Disputed Documents concern the instant dispute.[3] (See dkt. no. 365 at 3.) On July 30, 2010, Dr Berall initiated this action against Verathon Inc., Pentax of America, Inc., Karl Storz Endoscopy-America, Inc., Aircraft Medical, Ltd., LMA North America, Inc., and AirTraq LLC for alleged infringement of U.S. Patent No. 5,827,178 (the "'178 Patent") based on Defendants' distribution of various video

---

[3] Dr. Berall states that "[r]elated to Airtraq, Dr. Berall relates to Mr. Pearl prior communications between him and the PCZL attorneys regarding the previous version of the Airtraq product available at that time, the litigation strategy regarding that product, and whether or not that product infringes his patent." (Dkt. no. 365 at 1-2.)

3

laryngoscopes.[4]  (See dkt. no. 1.)  Teleflex's argument that a party may not receive work-product immunity over communications with counsel regarding the instant dispute if the communications discuss litigation strategy concerning a former defendant in the case is unpersuasive.

The legal advice provided to Dr. Berall regarding the Airtraq litigation--which Dr. Berall subsequently relayed to Mr. Pearl in the Disputed Documents--also receives work-product immunity as the underlying communications concern a prior litigation related to the instant dispute, i.e., whether or not certain video laryngoscopes infringe the '178 Patent.  Federal Rule of Civil Procedure 26(b)(3) "protects materials prepared for any litigation or trial as long as they were prepared by or for a party to the subsequent litigation."  F.T.C. v. Grolier Inc., 462 U.S. 19, 25 (1983); see also Cohen v. City of New York, 255 F.R.D. 110, 124 (S.D.N.Y. 2008) ("Consistent with Grolier, the weight of authority now clearly favors protecting work product that was generated as part of an earlier litigation, at least where . . . that litigation is related to

---

[4] On November 4, 2021, Dr. Berall filed a Second Amended Complaint against Teleflex, "which added a new claim against Teleflex for infringement of the '178 patent based on its distribution of the Airtraq laryngoscopes."  (See dkt. nos. 351, 363 at 1.)  Teleflex began distributing Airtraq laryngoscopes in 2015.  (See dkt. no. 363 at 1.)

the current suit."). Accordingly, the date of the Disputed Documents does not preclude work-product immunity.

While Teleflex rests its argument on the date of the Disputed Documents, the Court must also analyze (1) whether the Disputed Documents qualify as work-product, and (2) whether Dr. Berall waived that protection.  Dr. Berall argues that the Disputed Documents are "opinion work-product" protected against disclosure because Dr. Berall states his mental impressions of PCZL's representation in the instant dispute and PCZL's "litigation strategy regarding [the Airtraq] product."  (See dkt. no. 365 at 1-2.)  The Court agrees.  "The work product doctrine, which is embodied in Rule 26(b)(3) of the Federal Rules of Civil Procedure, protects from discovery documents, things and mental impressions of a party or his representative, particularly his attorney, developed for or in anticipation of litigation or trial.  The purpose of the doctrine is to permit a party and its attorneys to prepare for litigation with a 'certain degree of privacy,' and without undue interference or fear of intrusion or exploitation of one's work by an adversary."  CSC Recovery Corp. v. Daido Steel Co., No. 94CIV.9214 (LAP)(THK), 1997 WL 661122, at *3 (S.D.N.Y. Oct. 22, 1997) (citation omitted); see also In re Initial Pub. Offering Sec. Litig., 249 F.R.D. 457, 460 (S.D.N.Y. 2008) (noting that opinion work-product is "typically given absolute protection").

5

To receive protection for opinion work-product, Dr. Berall must show "a real, rather than speculative concern that the work product will reveal counsel's thought processes in relation to pending or anticipated litigation." In re Grand Jury Subpoena Dated July 6, 2005, 510 F.3d 180, 184 (2d Cir. 2007) (internal quotation marks and citation omitted).  Dr. Berall has met that burden.  Because the Disputed Documents contain Dr. Berall's "mental impressions of his representation by PCZL," PCZL's "litigation strategy regarding [the Airtraq] product," and PCZL's opinion on "whether or not [the Airtraq] product infringes [the '178] patent," the Court finds that Dr. Berall demonstrated a real concern that the Disputed Documents will reveal PCZL's legal strategy regarding the instant dispute.

Finally, the Court analyzes whether Dr. Berall waived opinion work-product immunity by forwarding his e-mail chain with Mr. Pearl to Mr. Pipis and Ms. Bartron.  "A waiver of work-product protection occurs 'if the party has voluntarily disclosed the work-product in such a manner that it is likely to be revealed to his adversary.'" In re Grand Jury Proc., 2001 WL 1167497, at *20 (citation omitted).  Dr. Berall did not waive work-product immunity by forwarding his e-mail chain with Mr. Pearl to Mr. Pipis and Ms. Bartron because the disclosure did not "substantially increase[] the opportunity" for Teleflex (or other potential adversaries) to obtain the e-mail chain between

6

Dr. Berall and Mr. Pearl.  Williams v. Bridgeport Music, Inc., 300 F.R.D. 120, 123 (S.D.N.Y. 2014); see also Nat'l Ass'n for the Advancement of Colored People v. E. Rampao Cent. Sch. Dist., No. 17-cv-8943 (CS)(JCM), 2019 WL 12248031, at *4 (S.D.N.Y. Mar. 14, 2019) ("Unlike the attorney-client privilege, work product protection is not automatically waived by disclosure to third parties.").  Mr. Pipis and Ms. Bartron were members of the Advisory Board of Dr. Berall's company, Camera Screen Laryngoscope, Inc.  (See dkt. no. 365 at 2.)  Thus, it is reasonable to assume that neither Mr. Pipis nor Ms. Bartron would disclose the e-mail chain between Dr. Berall and Mr. Pearl to potential adversaries.[5]  Accordingly, the Disputed Documents are protected from disclosure by the work-product doctrine.

    b. Attorney-Client Privilege

Because the Court finds that the Disputed Documents are protected from disclosure by the work-product doctrine, the Court need not examine the attorney client privilege.

---

[5] The fact that Mr. Pipis and Ms. Bartron are Dr. Berall's business advisors does not destroy the work-product privilege. See Schaeffler v. United States, 806 F.3d 34, 43 (2d Cir. 2015) ("Documents prepared in anticipation of litigation are work product, even when they are also intended to assist in business dealings.").

II.  CONCLUSION

To the extent and for the reasons stated above, Defendant's motion to compel Plaintiff to produce the Disputed Documents (dkt. no. 363) is DENIED.  The Clerk of the Court shall close the open motion (dkt. no. 363).

**SO ORDERED.**

Dated:    December 27, 2021
          New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge