UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN BERALL, M.D., M.P.H.,<br><br>　　　　　　　　Plaintiff,<br><br>-against-<br><br>TELEFLEX MEDICAL INCORPORATED,<br><br>　　　　　　　　Defendant. | No. 10-CV-5777 (LAP)<br><br>MEMORANDUM & ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

　　Before the Court is Defendant Teleflex Medical Incorporated's ("Teleflex") motion to dismiss[1] Plaintiff Dr. Jonathan Berall's ("Dr. Berall") Second Amended Complaint[2] for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3), or, in the alternative, to transfer venue, pursuant to 28 U.S.C. § 1406(a).[3]  Plaintiff opposed the motion,[4] and Teleflex responded.[5]  For the reasons set forth below, Teleflex's motion to dismiss is granted; the instant case shall be

---

[1] (See Teleflex's Mot. to Dismiss or Alternatively to Transfer Venue in Response to Pl's. Second Am. Compl. ("MTD"), dated Dec. 2, 2021) [dkt. no. 359].)  All citations to docket entries herein refer to 10-cv-5777.
[2] (See Second Am. Compl. ("SAC"), dated Nov. 4, 2021 [dkt. no. 351].)
[3] 28 U.S.C. § 1406(a) provides that if a case is filed in an improper venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).
[4] (See Pl. Dr. Jonathan Berall's Resp. to Teleflex's Mot. to Dismiss ("Opp."), dated Dec. 30, 2021 [dkt. no. 374].)
[5] (See Teleflex's Reply in Supp. of Its Mot. to Dismiss or Alternatively to Transfer Venue in Resp. to Pl's. Second Am. Compl. ("Reply"), dated Jan. 13, 2022 [dkt. no. 385].)

1

transferred to the Eastern District of North Carolina pursuant to 28 U.S.C. § 1406(a).

I. **Background**

Unless otherwise noted, the facts are drawn from the Second Amended Complaint ("SAC") and are construed in the light most favorable to Plaintiff.  See, e.g., Phillips v. Audio Active Ltd., 494 F.3d 378, 384 (2d Cir. 2007).  The Court also considers facts outside of the pleadings, including affidavits.  See, e.g., Shepherd v. Annucci, 921 F.3d 89, 95 (2d Cir. 2019) (noting that for a motion to dismiss under Rule 12(b)(3), parties may submit affidavits to demonstrate lack of venue).

a. **Procedural History**

Plaintiff commenced the instant action on July 30, 2010, alleging infringement of United States Patent No. 5,827,178 ("the '178 Patent") by, among other defendants, LMA North America, Inc. ("LMA") for its activities concerning video laryngoscopes.[6]  (See dkt. no. 1; SAC ¶ 19.)  On May 11, 2011, the Court stayed proceedings pending the United States Patent and Trademark Office's (the "PTO") reexamination of the '178 Patent.  (See dkt. no. 78; SAC ¶ 23.)

---

[6] Plaintiff alleged that "[o]n information and belief, LMA is the exclusive United States distributor for Aircraft's video laryngoscopes, including, for example, the McGrath Series 5 video laryngoscope." (Dkt. no. 1 ¶ 16.)

During the stay, on December 31, 2013, LMA merged with and into Teleflex, with the latter surviving.[7]  LMA filed a supplemental Rule 7.1 statement informing the Court and the parties of its acquisition by Teleflex on April 21, 2020.  (See dkt. no. 154.)  Four days prior, LMA notified the Court that it may advance a defense of improper venue considering the Supreme Court's decision in "TC Heartland, LLC v. Kraft Foods Group Brands, 137 S. Ct. 1514 (2017) and may move to transfer at the earliest opportunity."  (Dkt. no. 153.)

On November 12, 2020, Plaintiff filed his First Amended Complaint ("FAC") (dkt. no. 193); however, the "FAC did not amend Dr. Berall's allegations as to LMA" because "the stay remained in place as to LMA."[8]  (See id.; SAC ¶¶ 27, 28.)  LMA answered the FAC on December 15, 2020, and did not contest venue, stating: "solely to conserve the resources of the parties and the Court, LMA does not contest venue in this judicial district solely for the purposes of this action."  (Dkt. no. 213 ¶ 11.)

---

[7] (See Decl. of Jonathan R. Wise in Supp. of Def. Teleflex Med. Inc.'s Mot. to Dismiss or Alternatively to Transfer Venue in Resp. to Pl's. Second Am. Compl., dated Dec. 2, 2021 [dkt. no. 360] Ex. C.)

[8] In 2020, Dr. Berall notified Teleflex that he "intended to assert that Teleflex's activities related to . . . Airtraq video laryngoscopes, infringed the '178 Patent" (SAC ¶ 126); however, Plaintiff did not assert these claims until filing the SAC. (Dkt. no. 1; FAC; SAC ¶ 126.)

The Court lifted the stay as to LMA on December 1, 2020. (See dkt. no. 207; SAC ¶ 30.)  On January 19, 2021, the Court granted Plaintiff's motion to substitute Teleflex for LMA.  (See dkt. no. 234; SAC ¶ 32.)  On February 12, 2021, Teleflex (as LMA's successor-in-interest) filed a motion for summary judgment "of non-infringement based on patent exhaustion of the accused products that LMA distributed for Aircraft . . . ."  (Dkt. no. 257 at 14; see also dkt. no. 255.)  The Court denied Teleflex's motion on September 13, 2021.  (See dkt. no. 334.)

The Court granted Plaintiff's request to file a Second Amended Complaint on November 1, 2021, (see dkt. no. 350), which Plaintiff filed on November 4, 2021.  (See SAC.)  In the SAC, Plaintiff included—for the first time—allegations against Teleflex as an entity separate from its interest in LMA.  (See SAC.)  Specifically, Plaintiff alleges that Teleflex infringed the '178 Patent through Teleflex's distribution of Airtraq laryngoscopes manufactured by Prodol Meditec S.A.[9]  (See id. ¶¶ 54-63, 81-82.)

Teleflex moved to dismiss the SAC on December 2, 2021. (See MTD.)  The parties primarily dispute the following issues: (1) whether venue over Teleflex (both as LMA's successor-in-

---

[9] Teleflex became "the exclusive United States distributor for Airtraq video laryngoscopes [] in 2015," two years after LMA merged into Teleflex.  (SAC ¶ 16.)

4

interest and as a separate entity) is proper in the Southern District of New York (this "District"); (2) whether Teleflex waived its venue objection; and (3) whether Teleflex forfeited its venue challenge by participating in this litigation. The Court addresses each issue in turn.

II. **Legal Standards**

In a patent infringement action, venue is governed by the patent venue statute, 28 U.S.C. § 1400(b). See TC Heartland LLC v. Kraft Foods Grp. Brands LLC, 137 S. Ct. 1514, 1519-21 (2017). "Whether venue is proper under § 1400(b) is an issue unique to patent law and is governed by Federal Circuit law."[10] In re ZTE (USA) Inc., 890 F.3d 1008, 1012 (Fed. Cir. 2018) (citation omitted). "[U]pon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue." Id. at 1013.

Pursuant to 28 U.S.C. § 1400(b), "[a]ny civil action for patent infringement may be brought in the judicial district [i] where the defendant resides, or [ii] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). In applying the

---

[10] Federal Circuit law also governs (1) "the burden of persuasion on venue under § 1400(b)" and (2) "issues of waiver or forfeiture of patent-venue rights under § 1400(b) and § 1406(a)." In re Oath Holdings Inc., 908 F.3d 1301, 1305 (Fed. Cir. 2018) (citation omitted).

5

patent venue statute, the Court is mindful that § 1400(b) "is intended to be restrictive of venue in patent cases compared with the broad general venue provision." ZTE, 890 F.3d at 1014 (citations omitted).

### III. Discussion

#### a. Waiver

The threshold issue is whether Teleflex waived its right to contest venue. Plaintiff argues that Teleflex waived this challenge when LMA answered the FAC (see dkt. no. 213) because Teleflex actually filed that answer after LMA merged into Teleflex in 2013. (See Opp. at 6-8.) Teleflex does not dispute that Plaintiff has established proper venue over LMA. (See dkt. no. 213 ¶ 11.) Instead, Teleflex argues that the instant motion is its first opportunity as a defendant (separate from standing in LMA's shoes with respect to claims pleaded against LMA) to challenge venue. (See MTD at 16-20.) For the following reasons, the Court concludes that Teleflex has not waived its venue defense.

First, Teleflex did not answer the FAC. Rule 25(c) is a procedural mechanism governing the transfer of interests from an original party to its successor. As Rule 25(c) states, "[i]f any interest is transferred, the action may be continued <u>by or against the original party</u> unless the court, on motion, orders the transferee to be substituted in the action or joined with

6

the original party."  Fed. R. Civ. P. 25(c) (emphasis added).  LMA filed its answer to the FAC prior to the Court's (1) lifting the stay as to LMA on December 1, 2020, (see dkt. no. 207), and (2) granting Plaintiff's motion to substitute Teleflex for LMA (see dkt. no. 234).  Plaintiff argues that "although the caption in this Action may have continued to name the non-existent 'LMA North America, Inc.,' Teleflex was the actual defendant in all but name as of December 31, 2013."  (Opp. at 8.)  However, the case proceeded against LMA in accordance with Rule 25(c) until the Court granted Plaintiff's motion to substitute Teleflex for LMA on January 19, 2021 (see dkt. no. 234).  See Homeward Residential, Inc. v. Sand Canyon Corp., 499 F. Supp. 3d 18, 22 n.3 (S.D.N.Y. 2020) ("[B]ecause an 'action may be continued by . . . the original party' even '[i]f an interest is transferred,' Fed. R. Civ. P. 25(c), the possibility that [plaintiff] transferred its interests does not present a jurisdictional problem.").  Therefore, at that stage, it was proper for the action to continue against LMA, not Teleflex.

Second, Teleflex could not challenge venue when the Court ordered substitution under Rule 25(c) because Plaintiff did not name Teleflex as a standalone defendant until filing the SAC.  Substantive issues, including venue, are not disturbed when a court orders substitution or joinder of a successor in interest under Rule 25(c).  See Minnesota Min. & Mfg. Co. v. Eco Chem,

7

Inc., 757 F.2d 1256, 1263 (Fed. Cir. 1985) ("The transferee is not joined because its substantive rights are in question; rather, the transferee is brought into court solely because it has come to own the property in issue.  The merits of the case, and the disposition of the property, are still determined vis-à-vis the originally named parties.").  As stated above, Teleflex does not dispute that LMA did not contest venue when it answered the FAC.  Because the FAC did not contain allegations exclusive to Teleflex as an entity separate from LMA, upon substitution, Teleflex only stood in the shoes of LMA for the claims that had actually been pled.

When Plaintiff filed the SAC alleging that Teleflex infringed the '178 Patent through Teleflex's distribution of Airtraq laryngoscopes, Plaintiff raised allegations against Teleflex as a defendant separate from LMA's successor-in-interest.  This is further confirmed by the fact that Teleflex did not become the exclusive distributor for Airtraq video laryngoscopes until 2015, two years after it acquired LMA.  (See SAC ¶ 16.)  It is well established that a plaintiff must establish proper venue for each defendant.  See, e.g., Andra Grp, LP v. Victoria's Secret Stores, LLC, 6 F.4th 1283, 1287 (Fed. Cir. 2021) (noting that "to establish venue in this case, [plaintiff] must show that each Defendant committed acts of infringement and maintains a regular and established place of

8

business in the" disputed venue). Because the SAC was the first time that Teleflex was named as a defendant separate from LMA's successor-in-interest, Teleflex's motion to dismiss under Fed. R. Civ. P. 12(b)(3) for improper venue is in accordance with the time limit prescribed by Fed. R. Civ. P. 12(h)(1). Accordingly, the Court finds that Teleflex did not waive its defense of improper venue.

### b. **Whether Teleflex Forfeited Its Venue Objection**

Plaintiff contends that even if Teleflex had not waived its venue objections via LMA filing an answer to the FAC, Teleflex nonetheless "forfeited any objection to venue by actively engaging in substantive litigation and invoking the jurisdiction of this Court." (Opp. at 16.) Teleflex counters stating that, as with Plaintiff's arguments regarding waiver, Plaintiff disregards the fact that the SAC raises new allegations against Teleflex as a defendant separate and apart from LMA's successor-in-interest. (Reply at 8.) The Court agrees with Teleflex.

The Court does not view Teleflex's participation in this litigation as LMA's successor-in-interest as a tactical wait-and-see bypassing of its opportunity to declare its desire for a different forum. Rather until Plaintiff filed the SAC, the scope of Teleflex's participation in this litigation was only as LMA's success-in-interest for the claims plead against LMA.

9

The Court is persuaded that Teleflex did not give Plaintiff "a reasonable expectation that it will defend the suit [as to the Airtraq laryngoscopes] on the merits or must cause the court to go to some effort that would be wasted if [venue] is later found lacking."  (Opp. at 17 (quoting Corporacion Mexicana De Mantenimiento Integral, S. De R.L. De C.V. v. Pemex-Exploracion Y Produccion, 832 F.3d 92, 102 (2d Cir. 2016).)  First, prior to the SAC, Teleflex (as LMA's successor-in-interest) moved for a protective order under Fed. R. Civ. P. 26(c) precluding Plaintiff from obtaining discovery from Teleflex relating to Teleflex's distribution of Airtraq laryngoscopes "because such discovery is unrelated to any of Berall's claims pleaded against LMA (or Teleflex) in this action."[11]  (Dkt. no. 278; Reply at 8.)  Second, Teleflex did not consent to Plaintiff's filing an amended pleading because Plaintiff knew that Teleflex distributed Airtraq laryngoscopes since "at least mid-2020," which predated the FAC.  (Dkt. no. 386, Ex. F.)  Taking these facts together, the Court finds that Teleflex did not forfeit its defense of improper venue.

   c. **Proper Venue**

The parties do not dispute that: (1) under § 1400(b), "a domestic corporation 'resides' only in its State of

---

[11] Teleflex withdrew this motion after Plaintiff filed the SAC. (See dkt. no. 362.)

incorporation," TC Heartland, 137 S. Ct. at 1517;[12] and (2) Teleflex is incorporated in California (see SAC ¶ 4). Accordingly, venue in this district is not proper under the first prong of § 1400(b).  The primary issue is whether Plaintiff has met his burden of demonstrating that Teleflex has a "regular and established place of business" in this district. The Court concludes that Plaintiff has not.

To show that a defendant "has a regular and established place of business" in a particular district, 28 U.S.C. § 1400(b), a plaintiff must satisfy three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant.  If any statutory requirement is not satisfied, venue is improper under § 1400(b)." In re Cray Inc., 871 F.3d 1355, 1360 (Fed. Cir. 2017); see also Celgene Corp. v. Mylan Pharms. Inc., 17 F.4th 1111, 1122 (Fed. Cir. 2021).  To satisfy the first requirement, there must be "a physical, geographical location in the district from which the business of the defendant [was] carried out" when Plaintiff commenced this action.  Cray, 871 F.3d at 1362.  For the second requirement, the place of business must "operate[] in a

---

[12] See also In re Micron Tech., Inc., 875 F.3d 1091, 1099 (Fed. Cir. 2017) (noting that "[t]he Supreme Court changed the controlling law" at the circuit level upon deciding TC Heartland).

11

steady[,] uniform[,] orderly[, and] methodical manner," and it must be "settle[d] certainly, or fix[ed] permanently." Id. at 1362-63 (citations omitted).  Finally, to meet the third requirement that the place of business "be the place of the defendant," the defendant "must establish or ratify the place of business."  Id. at 1363.  The place of business cannot be "solely a place of the defendant's employee."[13]  Id.

Here, Plaintiff fails to meet his burden of satisfying each Cray requirement.  In fact, Plaintiff does not contest that Teleflex does not have a "regular and established place of business" in this district.  (See MTD at 9; Reply at 9-10.)  Nor does the SAC allege facts to rebut Teleflex's assertions that it

---

[13] As to the third Cray requirement, the Federal Circuit has identified the following non-exhaustive factors: "(1) whether the defendant owns, leases, or otherwise exercises other attributes of possession or control over the place; (2) whether the defendant conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place; (3) a defendant's representations about that place, including advertisements; and (4) the nature and activity of the alleged place of business of the defendant in the district in comparison with that of other places of business of the defendant in other venues."  Celgene Corp. v. Mylan Pharms., 17 F.4th 1111, 1122 (Fed. Cir. 2021) (cleaned up).

does not conduct business in this district.[14]  Accordingly, Plaintiff has failed to establish that venue is proper in this district under the second prong of § 1400(b).

### d. **Venue-Related Discovery**

Plaintiff seeks jurisdictional discovery "to challenge Teleflex's claims that venue is not proper [in this District], and, if it is not, to determine in which other district[s] . . . [the case] could have been brought."  (Opp. at 20 (cleaned up).)  Although "[t]he standard for awarding jurisdictional discovery is low[] [as] plaintiffs need only plead legally sufficient allegations of jurisdiction,"[15] Universal Trading & Inv. Co. v. Credit Suisse (Guernsey) Ltd., 560 F. App'x 52, 55-56 (2d Cir. 2014) (internal quotation marks and citation omitted), a court may deny jurisdictional discovery where "plaintiffs do not

---

[14] Specifically, in Kate Skibo's declaration, Teleflex asserted facts including that: (1) "Teleflex did not own, lease, or rent property in SDNY or hold out any SDNY address as a place of business" (MTD at 10); (2) Teleflex "employees living in SDNY have not held their home addresses out as Teleflex places of business, and Teleflex has never held these employees' homes out as a Teleflex office or location nor used their addresses as Teleflex's own" (id. at 12); and (3) "Teleflex did not own, lease, or otherwise possess or control any employee's home in SDNY" (id. at 14).

[15] The Federal Circuit has held that a district court's denial of discovery is "an issue not unique to patent law . . . applying the law of the regional circuit." Autogenomics, Inc. v. Oxford Gene Tech. Ltd., 566 F.3d 1012, 1021 (Fed. Cir. 2009).  Thus, the Court applies Second Circuit law regarding jurisdictional discovery to Plaintiff's request for venue discovery.  See NetSoc, LLC v. Chegg Inc., 2019 WL 4857340, at *4 (S.D.N.Y. Oct. 2, 2019).

establish a prima facie case that the district court has jurisdiction over the defendant." Chirag v. MT Marida Marguerite Schiffahrts, 604 F. App'x 16, 18-19 (2d Cir. 2015) (citation omitted). "A prima facie case requires non-conclusory fact-specific allegations or evidence showing activity that constitutes the basis of jurisdiction has taken place." Id. at 19 (citation omitted). "Courts have denied venue discovery in patent infringement actions despite allegations that a defendant's employee lived and conducted business in the district, absent further 'fact-specific allegations or evidence that could support a finding that venue is proper.'" UI Techs., Inc. v. Ricoma Int'l Corp., No.22-CV-00220 (JMA)(ST), 2022 WL 1693633, at *4 (E.D.N.Y. May 26, 2022) (quoting NetSoc, LLC v. Chegg Inc., 2019 WL 4857340, at *4-5 (S.D.N.Y. Oct. 2, 2019).

Here, as discussed above, Plaintiff did not allege facts supporting any Cray prong to find that venue is proper over Teleflex. Plaintiff's statements that he "had no expectation that Teleflex sought to challenge venue and had not conducted discovery" do not justify the absence of supporting evidence. (Opp. at 20.) Plaintiff also fails to allege that jurisdictional discovery may uncover additional evidence that could support a finding that venue is proper over Teleflex in this district. Rather, Plaintiff only alleges that "Teleflex may have a regular and established place of business in New

14

Jersey, such that venue would be proper there," (Opp. at 20 (emphasis added). Accordingly, the Court denies Plaintiff's request for venue discovery.

   e. **Transfer**

As venue is not proper in this district despite this matter's long history before this Court,[16] the Court must either dismiss the action, or "if it be in the interest of justice, transfer [the] case" to a district "in which it could have been brought." 28 U.S.C. § 1406(a). This decision "lies within the sound discretion of the district court." Blakely v. Lew, 607 F. App'x 15, 18 (2d Cir. 2015) (citation omitted). "A 'compelling reason' for transfer is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum." Daniel v. Am. Bd. Of Emergency Med., 428 F.3d 408, 435-36 (2d Cir. 2005) (citation omitted).

Plaintiff argues that dismissal "might threaten any ability for [him] to seek the recovery he is due, as the vast majority of Teleflex's infringing conduct is past the six-year statute of limitations (if implicated)." (Opp. at 20.) Even when a statute of limitations may preclude a plaintiff from refiling

---

[16] See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818 (1988) (noting the "age-old rule that a court may not in any case, even in the interest of justice, extend its jurisdiction where none exists" even when parties "spend years litigating claims only to learn that their efforts and expense were wasted in a court that lacked jurisdiction").

15

the same complaint in the proper district, "courts will not 'waste judicial resources by transferring a case that is clearly doomed.'" Daniel, 428 F.3d at 436 (citation omitted).  At this stage, the Court does not conclude that Plaintiff's infringement claim is "clearly doomed," warranting dismissal.  Thus, transfer will serve the interests of justice in this case.

Venue is proper in the Eastern District of North Carolina because Teleflex's commercial headquarters is in Morrisville, North Carolina, "where most of its commercial functions, including Marketing, Research & Development, Information Technology, Regulatory Affairs, Quality Affairs, Sales Operations, and Customer Service, are located."  (MTD at 16; Reply at 9-10.)

Accordingly, the Court finds that transfer is appropriate, and, accordingly, the instant case shall be transferred to the Eastern District of North Carolina.

## IV. **Conclusion**

For the reasons stated above, Teleflex's motion to dismiss [dkt. no. 359] is GRANTED. The instant case shall be transferred to the Eastern District of North Carolina pursuant to 28 U.S.C. § 1406(a). The Clerk of the Court shall close the open motion [dkt. no. 359].

**SO ORDERED.**

Dated: July 11, 2022
New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge